(February 20, 1888.)

## McGINNIS et al v. FRIEDMAN.
### [17 Pac. 635.]

INJUNCTION—WHAT MUST BE SHOWN TO OBTAIN.—Where a party seeks relief by interlocutory injunction, he should show some clear, legal or equitable right, and an apprehension of immediate injury to those rights.   Where none such are shown, the injunction will be denied.

PASTURING PUBLIC LANDS.—The fact that a party has pastured the public lands of the United States without claim of title, or connecting himself therewith under some of the possessory acts, will not give a legal or equitable right to the pasture grown thereon.

To PREVENT CRIME.—Courts of equity will not interfere by injunction to prevent the commission of a crime where no property rights are invaded.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

George H. Roberts and Vic Bierbower, for Appellants.

The law will not allow a person by repeated trespass to completely destroy another's property.   Equity will interfere. (*Stone v. Lumber Co.,* 59 Mich. 24, 26 N. W. 216.)   In relation to public lands, which are not mineral lands, the title, as between citizens of the territory, where neither connects himself with the government, is considered as vested in the first possessor; and, to proceed from him, this possession must be actual, and not constructive. (*Feirbaugh v. Masterson,* 1 Idaho, 135.)   Possession of a part draws after it the possession of the whole. (*Plume v. Seward,* 4 Cal. 95, 60 Am. Dec. 599,

and note; *Feirbaugh v. Masterson,* 1 Idaho, 135; *Hicks v. Coleman,* 25 Cal. 122, 85 Am. Dec. 103, and note; *McKee v. Greene,* 31 Cal. 418; *Donahue v. Gallavan,* 43 Cal. 573; *Ayers v. Bensley,* 32 Cal. 620.) Where the title to land rests in the possession only, the prior possessor has the better title. (*Ayers v. Bensley,* 32 Cal. 620.) One-in possession can maintain ejectment against an intruder, and such intruder cannot set up title in third person to defeat the suit. (*Southmayd v. Henley,* 45 Cal. 102.) If plaintiff shows possession in himself, or a better title to possession than the defendant, the defendant cannot overcome to title of plaintiff by showing title in a stranger, nor can he obviate the consequences of his trespass by showing that plaintiff was a trespasser upon a third person. (*Carleton v. Townsend,* 28 Cal. 219; *Richardson v. McNulty,* 24 Cal. 347; *Hubbard v. Barry,* 21 Cal. 321.)

Bruner, Parsons & Bruner, for Respondent.

To warrant the interference of equity in restraint of trespass, complainant's title must be clear. (1 High on Injunctions, secs. 9, 651, 675, 698, 754; *State v. McGlynn,* 20 Cal. 275; *Harrell v. Hannum,* 56 Ga. 508.) Those only who have a clear, legal, and equitable title to land, connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title. (*Orton v. Smith,* 18 How. 263, 266.) Equity has no jurisdiction to restrain the commission of crimes. (1 High on Injunctions, secs. 20, 29; *Attorney General v. Insurance Co.,* 2 Johns. Ch. 371; *Mayor etc. v. Thorne,* 7 Paige, 261; *Village of Waupun v. Moore,* 34 Wis. 450, 17 Am. Rep. 446; *Village of St. Johns v. McFarlan,* 33 Mich. 72, 20 Am. Rep. 671.) In order for plaintiffs to maintain their action, they must reside upon the land in question, either in person or by agent. (Idaho Rev. Stats., c. 4, tit. 10; *Wolfskill v. Malajowich,* 39 Cal. 276.) The possession must be actual, and subject to the will and dominion of claimants. (*Coryell v. Cain,* 16 Cal. 573; *Feirbaugh v. Masterson,* 1 Idaho, 135; *Preston v. Kehoe,* 15 Cal. 315; *Wolf v. Baldwin,* 19 Cal. 306; *Polack v. McGrath,* 32 Cal. 15.) The assertion of a right to the exclusive use and occupancy of any part of the public lands of the United States in any state or any of the territories of the United States, without claim or color of title or asserted right, is unlawful. (23 U. S. Stats.. at Large, p. 321;

*Villey v. Jarreau,* 35 La. Ann. 542; *Doran v. Railroad Co.,* 24 Cal. 257.)

HAYS, C. J.—This action was brought to restrain the respondent from herding, grazing, and pasturing his sheep upon certain public lands, the property of the United States. A temporary injunction was granted, and, the case coming to be heard upon an agreed state of facts, the injunction formerly entered was dissolved, and from this order the appeal is taken to this court. It appears that the premises to which the injunction applied consists of a large tract of the public lands of the United States, only a part of which has been surveyed; one of the ranges being about fifteen miles long and five miles wide, as stated in appellant's brief. We are not informed as to the size of the other. These appellants have used said ranges for several years for the purpose of pasturing their cattle and horses on the same during the winter seasons; said ranges being very valuable for that purpose. The stock thus wintered upon said ranges is driven to other parts in the summer season. It is admitted that sheep, cattle, and horses will not thrive and prosper when on the same range; that sheep will thrive where cattle will not. Shortly before bringing this action, the respondent brought a large flock of sheep to this section of the country, and proposed to graze, pasture, and winter them on the ranges in controversy; whereupon this action was brought. It is claimed by appellants that they have a right to hold and use said grounds for winter pasturage, and to exclude the respondent from pasturing his sheep thereon for two reasons: 1. Because of their priority of possession, they having enjoyed that privilege for several years past: 2. Because of the provision of the Revised Statutes of this territory, which is as follows: Sec. 6872. "Any person owning or having charge of sheep, who herds, grazes, or pastures the same, or permits or suffers the same to be herded, grazed, or pastured, on any cattle range previously occupied by cattle, or upon any range usually occupied by any cattle-grower, either as a spring, summer, or winter range for his cattle, is guilty of a misdemeanor; but the priority of possessory right between cattle and sheep owners to any range is determined by the priority in the usual and customary use of such range, either as a cattle or sheep range."

Although the case was ably presented at the bar, and marked industry and ability have been shown by appellants in the preparation of their briefs, they fail to cite us to any case directly in point, and we presume none could be found sustaining their position. As a general rule, it is incumbent upon the party seeking relief by interlocutory injunction to show some clear, legal or equitable right, and a well-grounded apprehension of immediate injury to those rights. This position is announced and abundantly sustained by 1 High on Injunctions, sections 7, 9, 651, 652-698, and the cases cited. (Hilliard on Injunctions, 319.) The appellants in this case do not pretend to connect themselves with the land by color of title, or to hold the same under any possessory claim or right, with a view of entering said lands under any of the general laws of the United States; hence we are unable to see that they have shown in themselves any clear legal or equitable right to the pastures grown upon the said lands. Such being the case, they would not be entitled to the equitable intercession of the court, and the injunction theretofore granted was rightfully dissolved.

The appellants claim, however, that they have held these ranges for several years, and therefore they hold the same now under an adverse possession, as to this respondent, from entering thereon with his sheep. We think a court of equity should not interfere to enforce such a claim by injunction, in view of the act of Congress of February 25, 1885 (23 U. S. Stats. at Large, p. 321), which provides, in substance, among other things, that the assertion of a right to the exclusive use and occupancy of any part of the public lands of the United States without claim, color of title, or asserted right, as therein specified, is declared to be unlawful, and thereby prohibited. When we take into consideration the object, purpose, and spirit of that law, and the fact that apellants do not claim to hold by virtue of any of the possessory acts, but only by their right of prior possession, we think that said act of Congress is a complete answer to all authorities cited and arguments urged upon that point. If, therefore, the action cannot be maintained because appellants have no legal or equitable title to the pasture in dispute, we think that the second ground urged, that the threatened act will be a violation of the Revised Statutes before quoted, is equally untenable; for it is a general rule that a court of equity

has no jurisdiction to restrain or prevent crime, or to enforce a. moral duty, except so far as the same is connected with the rights of property. The appellants having failed to show any property rights to the pasture, the exception to this general rule cannot be invoked by them.

Many reasons might be given in support of the correctness of the judgment in this case, but we think a further discussion of the subject unnecessary. Judgment of the court below is therefore affirmed.

Buck and Broderick, JJ., concurring.