**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 34763/35154**

SCOTT BERG, as Guardian Ad Litem, for )
TRACEY BERG, a minor, )
                                        )
    Plaintiffs, )
                                          )
and )
                                          )
STACEY BERG, as next friend for TRACEY )
BERG, a minor, )
                                          )
    Aggrieved Party-Appellant, )
                                          )
v. )
                                          )
ALYSSA KENDALL, individually and J. )
DOE, individually, )
                                          )
    Defendants-Respondents. )
                                          )
                                          )

**Boise June 2009 Terms**

**2009 Opinion No. 97**

**Filed: July 9, 2009**

**Stephen W. Kenyon, Clerk**

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. John K. Butler, District Judge.

District courts dismissal of motion for relief under Rule 60(b)(6) and dismissal with prejudice based on claim preclusion, <u>reversed</u> and <u>remanded.</u>

Seiniger Law Offices, Boise, for appellants. William Breck Seiniger argued.

Carty Law, Boise, for appellant. Stuart Waller Carty appeared.

Merrill & Merrill, Pocatello, for respondents. Thomas J. Lyons argued.

---

BURDICK, Justice

    This appeal involves the claims of Appellant Tracey Berg, a minor child, who sustained injuries when she was struck by a vehicle driven by Respondent Alyssa Kendall. In *Berg I*, Scott Berg, Tracey's father, filed a complaint on Tracey's behalf as her guardian ad litem. The district court dismissed this complaint with prejudice. Tracey and her mother Stacey Berg, appearing as Tracey's next friend (collectively Appellants), filed an I.R.C.P. 60(b) motion for relief, requesting the district court to modify its dismissal to one without prejudice. The district court

1

denied their motion. The Appellants then filed a complaint against Kendall in *Berg II*, which the district court dismissed with prejudice on the basis of claim preclusion. Appellants now appeal from the district court's denial of their Rule 60(b) motion for relief in *Berg I*, and from the district court dismissal of their complaint with prejudice in *Berg II*. We reverse the district court's denial of Appellants' motion for relief under I.R.C.P. 60(b)(6) in *Berg I*, and accordingly reverse the district court's denial in *Berg II*. We remand for further proceedings in these cases.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2003, Tracey Berg, a minor child eleven years old at the time, was walking alongside a public highway in Hailey, Idaho, when she was struck from behind by a vehicle driven by Kendall. As a result of the accident, Tracey sustained multiple fractures to her left leg and fractured her lower back.

On June 30, 2005, Scott Berg filed a complaint against Kendall on behalf of his daughter Tracey as her guardian ad litem (*Berg I*). At all times relevant to this action, Mr. Berg and his family have resided in Nebraska. Mr. Berg hired Elizabeth Burr-Jones, an Idaho attorney, to represent Tracey's interests in the litigation. Over the following year, Ms. Burr-Jones was unable to remain in contact with Mr. Berg. On January 5, 2007, Ms. Burr-Jones filed a motion to withdraw[1] as the plaintiffs' attorney of record, which contained notice of a telephone hearing on the motion scheduled for January 9, 2007. A copy of this motion was mailed to Mr. Berg. During the January 9, 2007 hearing, the district court informed Ms. Burr-Jones that Mr. Berg was entitled to fourteen days notice of the hearing on her motion to withdraw.[2] Accordingly, the district court rescheduled the hearing for January 23, 2007, exactly fourteen days later, and the clerk's entry in the Register of Actions indicates that an amended notice of hearing was sent to Mr. Berg. However, there is no evidence of the notice in the record.

During the January 23, 2007 hearing, Ms. Burr-Jones stated that she had no contact with Mr. Berg. Ms. Burr-Jones also indicated that she had received calls from a law firm in Boise interested in taking the case, but that there had been no substitution of counsel as of yet. Based on the information presented at the hearing, the district court granted Ms. Burr-Jones's motion to

---

[1] Although in this motion and other court filings Ms. Burr-Jones referred to Scott and Tracey Berg as "plaintiffs," Mr. Berg filed suit solely on behalf of Tracey in a representative capacity. Mr. Berg did not seek damages on his own behalf in *Berg I*, nor did Mrs. Berg seek damages on her own behalf in *Berg II*. Therefore, this opinion does not address any claims either of the parents may have personally had against Kendall.

[2] The Honorable John K. Butler presided over *Berg I*.

withdraw.  On February 2, 2007, the district court entered an order permitting Ms. Burr-Jones leave to withdraw as the plaintiffs' counsel of record.

Ms. Burr-Jones sent a copy of the court's order to Mr. Berg via certified mail on February 9, 2007.  The order stated that the plaintiffs had twenty days from the date of service to file a notice of appearance or other pleading identifying themselves or substitute counsel, and that failure to comply with this requirement would be sufficient grounds for dismissal of the action with prejudice.  Despite the warning, no written appearance was made.  Accordingly, on March 6, 2007, the district court entered an order dismissing the complaint with prejudice.

On August 22, 2007, Tracey, through her mother Stacey Berg as Tracey's next friend, filed a motion for relief under Idaho Rule of Civil Procedure 60(b)(1), (5) and (6), requesting that the district court modify its dismissal to one without prejudice.  A hearing on Appellants' motion was held on September 25, 2007.  On October 5, 2007, the district court entered its memorandum decision, denying Appellants' motion on all grounds.

On December 2, 2007, Mrs. Berg, on behalf of Tracey as her next friend, filed a complaint against Kendall (*Berg II*).  In response, Kendall filed a motion to dismiss based on the doctrine of *res judicata*.  On March 5, 2008, the district court granted Kendall's motion to dismiss, holding the elements for claim preclusion were met and, therefore, Appellants were barred from filing a claim in *Berg II*.[3]  The district court subsequently entered an order dismissing the matter with prejudice.

Appellants now appeal from the district court's denial of their motion for relief in *Berg I* under I.R.C.P. 60(b)(1) and (6).  Appellants also request relief on appeal under I.R.C.P. 60(b)(4), arguing the district court's dismissal with prejudice is void.  In addition, Appellants appeal from the district court's dismissal of their complaint with prejudice in *Berg II* based on *res judicata*.

## II. ANALYSIS

Appellants argue the district court abused its discretion in *Berg I* by denying their motion for relief under Rule 60(b)(1) and (6).  Appellants also argue that they are entitled to relief as a matter of law under Rule 60(b)(4) because the district court's dismissal with prejudice is void.  Appellants argue the judgment is void because the court did not appoint Mr. Berg as Tracey's

---

[3] The Honorable Michael R. Crabtree presided over *Berg II*.

guardian ad litem as required by I.R.C.P. 17(c)[4] and I.C. § 5-306,[5] and because Tracey's parents did not sue together on her behalf as required by I.C. § 5-310.[6]

In addition, Appellants argue the district court abused its discretion in *Berg II* by dismissing their complaint with prejudice on the basis of claim preclusion. Appellants argue that under Idaho law, a minor is not bound by a judgment where no guardian ad litem has been appointed. Appellants also urge this Court to adopt section 42 of the *Restatement (Second) of Judgments*, under which a person is not bound by a judgment for or against a party who purports to represent him if "[t]he representative failed to prosecute or defend the action with due diligence and reasonable prudence, and the opposing party was on notice of facts making that failure apparent." Restatement (Second) of Judgments § 42(1)(e).

We hold that the district court did not abuse its discretion in denying Appellants' motion for relief under Rule 60(b)(1), but that the court did abuse its discretion in denying relief under

---

[4] Idaho Rule of Civil Procedure 17(c) states:

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative the person may sue by a next friend or by a guardian ad litem. *The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action* or shall make such other order as it deems proper for the protection of the infant or incompetent person.

(Emphasis added).

[5] Idaho Code § 5-306 states:

> When an infant or an insane or incompetent person is a party, he must appear either by his general guardian or by *a guardian ad litem appointed by the court* in which the action is pending in each case, or by a judge thereof, or a probate judge. A guardian ad litem may be appointed in any case when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient, to represent the infant, insane or incompetent person in the action or proceeding, notwithstanding he may have a general guardian and may have appeared by him.

(Emphasis added).

[6] Idaho Code § 5-310 states:

> *The parents may maintain an action for the injury of an unmarried minor child*, and for the injury of a minor child who was married at the time of his injury and whose spouse died as a result of the same occurrence and who leaves no issue, and a guardian for the injury of his ward, when such injury is caused by the wrongful act or neglect of another, *but if either the father or mother be dead or has abandoned his or her family, the other is entitled to sue alone.* Such action may be maintained against the person causing the injury, or if such person be employed by another person, who is responsible for his conduct, also against such other person.

(Emphasis added).

4

Rule 60(b)(6).[7]  As such, there is no need ~~for us~~ to address whether Appellants are entitled to relief as a matter of law under Rule 60(b)(4).  Furthermore, because this Court has reversed the dismissal of *Berg I,* there is no basis for claim preclusion, and *Berg II* is reinstated as a cause of action.[8]

### A. Appellants' Motion for Relief under Rule 60(b).

Appellants argue the district court abused its discretion in *Berg I* by denying their Rule 60(b) motion for relief under various grounds.  In determining the appropriate standard of review for a motion for relief under Rule 60(b), the Court must consider what subsection of the rule is being invoked.  "Where discretionary grounds are invoked, the standard of review is abuse of discretion."  *Knight Ins., Inc. v. Knight*, 109 Idaho 56, 59, 704 P.2d 960, 963 (Ct. App. 1985).  Accordingly, the Court must examine: "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason."  *Win of Michigan, Inc. v. Yreka United, Inc.*, 137 Idaho 747, 753, 53 P.3d 330, 336 (2002).  However, where nondiscretionary grounds are asserted, the question presented is one of law, upon which the Court exercises free review.  *Knight Ins.*, 109 Idaho at 59, 704 P.2d at 963.

### 1. The district court did not abuse its discretion in denying Appellants' motion for relief under Rule 60(b)(1).

First, Appellants argue the district court abused its discretion in denying their motion for relief under I.R.C.P. 60(b)(1), which provides that a judgment may be set aside on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  This Court reviews the district court's

---

[7] We note that in fairness to the district court, this Court has infrequently found reason to grant relief under Rule 60(b)(6). *See, e.g., Campbell v. Kildew*, 141 Idaho 640, 646-48, 115 P.3d 731, 737-39 (2005) (Court affirming the district court's decision to set aside a judgment confirming a sham arbitration award under Rule 60(b)(6) because it constituted fraud upon the court); *Hopkins v. Troutner*, 134 Idaho 445, 447-48, 4 P.3d 537, 559-60 (2000) (Court affirming the district court's decision to grant Hopkins relief under Rule 60(b)(6) from the Release of All Claims and Indemnity Agreement and Stipulation for Dismissal with Prejudice based on counsel's representations to Hopkins that constituted overreaching); *Marco Distrib., Inc. v. Biehl*, 97 Idaho 853, 856, 555 P.2d 393, 396 (1976) (Court affirming the district court's order granting relief from the default judgment entered against the defendant under Rule 60(b)(6) where the defendant raised serious questions regarding whether the court had jurisdiction to enter the judgment against him); *Radioear Corp. v. Crouse*, 97 Idaho 501, 503, 547 P.2d 546, 548 (1975) (Court affirming the magistrate court's order to set aside the default judgment against Crouse in part under Rule 60(b)(6) because Crouse did not have notice of the application for the default judgment nor did he have notice of the entry of the default judgment).

dismissal of Appellants' Rule 60(b)(1) motion for relief for abuse of discretion. *See Knight Ins.,* 109 Idaho at 58-59, 704 P.2d at 962-63. Mistake or inadvertence referred to in Rule 60(b)(1) applies primarily to errors or omissions committed by an attorney or by the court that are not apparent in the record. *Silsby v. Kepner*, 140 Idaho 410, 411, 95 P.3d 28, 29 (2004). Any claim of mistake must be a mistake of fact and not a mistake of law. *Gro-Mor, Inc. v. Butts*, 109 Idaho 1020, 1023, 712 P.2d 721, 724 (Ct. App. 1985). "The conduct constituting excusable neglect must be that which would be expected of a reasonably prudent person under the same circumstances." *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005).

Appellants argue the district court's failure to give Mr. Berg notice of the January 23rd hearing on Ms. Burr-Jones's motion to withdraw was a mistake of fact, which made Mr. Berg's failure to appear at that hearing excusable as a matter of law. Idaho Rule of Civil Procedure 11(b), which governs the procedure an attorney must follow to withdraw, states in pertinent part: "[N]o attorney may withdraw as an attorney of record for any party to an action without first obtaining leave and order of the court upon a motion filed with the court, and a hearing on the motion after notice to all parties to the action, including the client of the withdrawing attorney." I.R.C.P. 11(b)(2). The notice of the hearing on the motion to withdraw must be served in compliance with I.R.C.P. 7(b)(3)(A), which requires that notice be served so as to be *received* by the parties no later than fourteen days before the hearing. *McClure Eng'g, Inc. v. Channel 5 KIDA*, 143 Idaho 950, 955, 155 P.3d 1189, 1194 (Ct. App. 2006); *see also Parkside Sch., Inc. v. Bronco Elite Arts & Athletics, LLC*, 145 Idaho 176, 178, 177 P.3d 390, 392 (2008).

Appellants are correct that Mr. Berg did not receive adequate notice of the January 23rd hearing on Ms. Burr-Jones's motion to withdraw. Although notice of the January 9th hearing was mailed to Mr. Berg on January 5, 2007, there is no evidence in the record that notice of the January 23rd hearing was mailed to Mr. Berg. Even if we were to assume that the district court mailed the amended notice of the January 23rd hearing to Mr. Berg based on the clerk's entry in the Register of Actions, the notice was sent on January 9th—exactly fourteen days before the hearing. As set forth above, the notice must be served so as to be *received* by the parties no later than fourteen days before the hearing. I.R.C.P. 7(b)(3)(A). Seeing that Mr. Berg lives in Nebraska, we can reasonably presume that notice was inadequate. Furthermore, there is no

---

[8] Although Appellants filed their claim in *Berg II* over four years from the date of the accident, the statute of limitations issue was not raised before this Court and, therefore, will not be addressed on appeal.

evidence that Ms. Burr-Jones made an *ex parte* application to shorten time for the hearing on her motion to withdraw to get around the fourteen days notice requirement under I.R.C.P. 7(b)(3)(A). *See id.*

However, Appellants have failed to demonstrate Mr. Berg's inadequate notice of the January 23rd hearing on the motion to withdraw was the cause of the claimed prejudice. Idaho Rule of Civil Procedure 61 requires that the Court, at every stage of the proceeding, "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." "Accordingly, untimely notice of a hearing requires no relief on appeal unless the aggrieved parties show that the untimeliness of the notice prejudiced them in some way." *McClure Eng'g,* 143 Idaho at 955, 155 P.3d at 1194. The record in this case demonstrates that Mr. Berg did not participate in the litigation—he failed to remain in contact with his counsel, he did not respond to Kendall's written discovery requests along with two court orders compelling him to respond, and he did not appear for his deposition. There is nothing in the record to suggest that if Mr. Berg had received proper notice he would have participated in the January 23rd hearing on Ms. Burr-Jones's motion to withdraw.

Furthermore, the requirements of I.R.C.P. 11(b)(3) were strictly complied with in this case. Idaho Rule of Civil Procedure 11(b)(3) provides in pertinent part that if an attorney is permitted to withdraw, the court must enter an order permitting the attorney to withdraw and directing the attorney's client to make a notice of appearance within twenty days from the date of service or mailing or else the action may be dismissed with prejudice without any further notice. This Court has held that strict compliance with Rule 11(b)(3) is required to obtain a valid judgment. *Wright v. Wright*, 130 Idaho 918, 921, 950 P.2d 1257, 1260 (1998). This rule ensures that a party is adequately protected from the harsh result that his or her case be dismissed with prejudice, not because the party has failed to prosecute or defend the claim, but because the party has failed to take the additional step of making a written appearance to prosecute or defend the claim. Here, a copy of the order permitting Ms. Burr-Jones's withdrawal was mailed to Mr. Berg via certified mail on February 9, 2007. The order clearly stated that Mr. Berg had twenty days from the date of service to make a written appearance or else the case could be dismissed with prejudice without any further notice. However, Mr. Berg did not respond. Accordingly, the district court dismissed the case with prejudice on March 6, 2007, twenty-five days later. We find that strict compliance with I.R.C.P. 11(b)(3) was met in this case. Therefore, because

Appellants failed to demonstrate prejudice stemming from inadequate notice of the January 23rd hearing on Ms. Burr-Jones's motion to withdraw, we hold the district court did not abuse its discretion in denying Appellants' Rule 60(b)(1) motion for relief.

Appellants also argue the district court abused its discretion in failing to recognize that relief should be granted in doubtful cases. In the district court's memorandum decision denying Appellants' motion for relief, the court took notice of the fact that judgments by default are not favored and that relief should be granted in doubtful cases in order to decide the case on the merits. The district court then considered the Appellants' arguments, including the evidence presented in Mr. Berg's affidavit explaining why he did not respond to the court's order permitting Ms. Burr-Jones's withdrawal. Mr. Berg stated that he "did not remember ever getting any notice that [his] attorney was withdrawing because either [his] rural mail was mixed up and sent to a neighbor or because [he] got so many legal papers [he] did not know what any of them meant." In applying the criteria set forth in Rule 60(b)(1), the district court appropriately determined that Mr. Berg's conduct was not legally excusable and was not inadvertent, and accordingly denied Appellants' Rule 60(b)(1) motion for relief. This Court has held that "[i]f the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion." *Waller v. State, Dept. of Health & Welfare*, 146 Idaho 234, __, 192 P.3d 1058, 1062 (2008) (quoting *Idaho State Police ex rel. Russell v. Real Prop. Situated in the County of Cassia*, 144 Idaho 60, 62, 156 P.3d 561, 563 (2007)). Therefore, we hold the district court acted within the bounds of its discretion in denying Appellants' motion for relief under Rule 60(b)(1).

**2. The district court abused its discretion in denying Appellants' motion for relief under Rule 60(b)(6).**

Next, Appellants argue the district court abused its discretion in denying their motion for relief under I.R.C.P. 60(b)(6). This rule authorizes modification of a judgment for "any other reason justifying relief from the operation of the judgment." I.R.C.P. 60(b)(6)). This Court reviews a trial court's dismissal of a Rule 60(b)(6) motion for relief for abuse of discretion. *See Marco Distrib., Inc. v. Biehl*, 97 Idaho 853, 856, 555 P.2d 393, 396 (1976). "[A]lthough the court is vested with broad discretion in determining whether to grant or deny a Rule 60(b)[(6)] motion, its discretion is limited and may be granted only on a showing of 'unique and

compelling circumstances' justifying relief." *Miller v. Haller*, 129 Idaho 345, 349, 924 P.2d 607, 611 (1996) (quoting *Matter of Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990)). The appellate courts of this state have infrequently granted relief under Rule 60(b)(6).

Appellants argue they are entitled to relief under Rule 60(b)(6) based on Mr. Berg's failure to comply with the provisions under I.R.C.P. 17(c) and I.C. § 5-306 that he be appointed as Tracey's guardian ad litem. However, we find that this reason does not constitute a unique and compelling circumstance justifying relief. In the instant case, Mr. Berg chose to initiate suit on Tracey's behalf as her guardian ad litem rather than as her parent; however, Mr. Berg did not follow the procedural requirements under I.R.C.P. 17(c) and I.C. § 5-306 that he be appointed by the court.[9] Rather than placing the burden on the trial court to ensure that a guardian ad litem is appointed, we find that the better rule is to place the burden on the parent seeking to represent his or her minor child in the capacity as a guardian ad litem. Thus, where a parent fails to apply for court appointment as his or her minor child's guardian ad litem, the Court will not grant relief under Rule 60(b)(6) based on this technical error.

Appellants also argue that a parent's failure to prosecute an action on behalf of a minor child is a reason justifying relief under Rule 60(b)(6).[10] The record demonstrates that Mr. Berg ignored discovery requirements, motions, notices of hearing, and multiple court orders. His failure to prosecute the action on behalf of his daughter caused Tracey the loss of an opportunity to present her claim in *Berg I* and *Berg II*. Importantly, as the district court found, Tracey had a meritorious claim at the time of dismissal. She was a pedestrian struck from behind by a vehicle operated by Kendall. The accident allegedly left her with serious injuries and approximately $95,000 in medical bills. Thus, at no fault of her own, Tracey was deprived of a meaningful opportunity to present this claim. Therefore, we hold that in cases such as this where a person

---

[9] This Court has held that the failure to appoint a guardian ad litem for a minor before the bringing of an action is a matter of procedure and not of jurisdiction. *See Trask et al. v. Boise King Placers Co.*, 26 Idaho 290, 299, 142 P. 1073, 1075 (1914); *see also Trolinger v. Cluff*, 56 Idaho 570, 576, 57 P.2d 332, 334 (1936) (quoting 14 R.C.L. p. 286, § 54).

[10] Kendall asserts that this argument was not raised below. Although it was not formally raised, it was implicitly raised in the affidavits attached to Appellants' Memorandum in Support of Motion for Relief from Order Dismissing Case with Prejudice. In fact, the district court found in pertinent part that Appellants' argument under Rule 60(b)(6) could "only be construed to mean that any time a parent or natural guardian fails . . . to prosecute an action on behalf of the minor child for any reason relief should be granted." Although we agree that this standard would be too broad to grant relief under Rule 60(b)(6), we find the facts of this case present a much narrower circumstance.

9

lacking the capacity to sue or be sued is represented in an action, whether by a natural guardian, guardian ad litem, or next friend, and the representative completely fails to prosecute a meritorious claim that results in the claim being dismissed with prejudice, relief may be granted under Rule 60(b)(6). Accordingly, we reverse the district court's dismissal of Appellants' motion for relief under Rule 60(b)(6).

## B. Attorney Fees on Appeal

Kendall requests attorney fees on appeal pursuant to I.C. §§ 12-121 and 12-123. Under I.C. § 12-121, the Court may award reasonable attorney fees to the prevailing party in a civil action if we are left with the abiding belief that the appeal was brought or defended frivolously, unreasonably or without foundation. *Cramer v. Slater*, 146 Idaho 868, __, 204 P.3d 508, 521 (2009). Because Kendall did not prevail in this case, we deny her request for fees under I.C. § 12-121. Furthermore, attorney fees are not available in appellate cases under I.C. § 12-123. *Bird v. Bidwell,* 2009 WL 149264126 *3 (2009). Therefore, we deny Kendall's request for fees under this provision as well.

## III. CONCLUSION

For the reasons set forth above, we reverse the district court's dismissal of Appellants' motion for relief under Rule 60(b)(6) in *Berg I* and the district court's dismissal of Appellants' complaint in *Berg II,* and remand for further proceedings in these cases. We also deny Kendall's request for attorney fees on appeal under I.C. §§ 12-121 and 12-123. Costs to appellants.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**

10