**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45297**

| | |
|---|---|
| LAWRENCE SCOTT ANDRUS, | ) |
| | ) **Filed: January 9, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| STATE OF IDAHO, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge.

Order denying Idaho Rule of Civil Procedure 60(b) motion for relief from judgment, <u>reversed</u>; and <u>case remanded</u>.

Fyffe Law; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Lawrence Scott Andrus appeals from the district court's order denying his Idaho Rule of Civil Procedure 60(b) motion following the summary dismissal of his petition for post-conviction relief. Andrus claims that under the circumstances, he has established unique and compelling circumstances that demonstrate the district court erred when it denied the I.R.C.P. 60(b) motion. We reverse the district court's order and remand the case for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying criminal case, Andrus was charged with felony driving under the influence of alcohol. After trial, the jury returned a guilty verdict. Andrus filed an Idaho Criminal Rule 35 motion for a reduction of his sentence, which was denied by the district court.

Andrus appealed and this Court affirmed the judgment of conviction and the sentence. *State v. Andrus*, Docket No. 42878 (Ct. App. Jan. 14, 2016) (unpublished). Thereafter, Andrus filed a petition for post-conviction relief and requested that counsel be appointed. Initially, the district court appointed the Twin Falls County Public Defender's Office. However, due to a conflict, that office was unable to represent Andrus and needed to provide conflict counsel. These circumstances made it unlikely that Andrus, with the assistance of counsel, could comply with the sixty-day deadline for amending the petition as set forth in the district court's scheduling order. Consequently, the public defender's office requested an extension of time to amend the petition. The district court granted the extension and ordered that any amended petition be filed by May 31, 2016.

Conflict counsel was appointed on April 21, 2016. The State filed its answer on June 15, 2016. On July 11, 2016, the district court filed a notice of intent to dismiss the initial petition pursuant to Idaho Code § 19-4906(b). As of July 11, 2016, no documents had been filed by appointed counsel. However, on July 26, 2016, conflict counsel requested an extension of time to amend the petition. The motion, in its entirety, read as follows:

> COMES NOW [conflict counsel], counsel for the Petitioner, LAWRENCE SCOTT ANDRUS, and hereby requests an Extension of Time in which to file a response to file a response in the Notice of Dismissal. The basis for this Motion is that the counsel of the Petitioner has not been able to speak with the Petitioner and obtain further information from him. The Petitioners schedule has not allowed him sufficient time to allow him to respond. Counselor request an additional 30 days.

Conflict counsel provided no explanation of the actions he took to contact Andrus or why he had not spoken to his client in more than three months. Also on July 26, 2016, counsel sent what appears to be the first and only letter to Andrus.[1] The district court granted Andrus a thirty-day extension. However, the record reflects that counsel filed no other motions, documents, amendments, or pleadings in the case. Andrus failed to reply within the thirty-day extension and thereafter, the district court dismissed Andrus's petition for post-conviction relief with prejudice. Andrus timely appealed and this Court, on the record before it, affirmed the dismissal of the petition. *Andrus v. State*, Docket No. 44686 (Ct. App. Jan. 24, 2018) (unpublished).

---

[1] Counsel represented in his motion for extension of time that he had been unable to speak with him; Andrus claims counsel made no effort to speak with him prior to filing the motion.

Andrus then filed a request in the district court for a copy of the register of actions. Next, Andrus filed a motion seeking relief pursuant to I.R.C.P. 60(b)(6). He alleged that aside from counsel notifying him that he had filed a motion for extension of time, Andrus had no written or oral communication with or from his appointed post-conviction counsel. He further asserted his appointed counsel filed no motions, amendments, or other documents on behalf of Andrus, despite Andrus having sent two letters requesting investigation and/or asking questions about the case. Andrus asserted that this inaction constituted a complete absence of meaningful representation and that Andrus relied on his counsel's representation to Andrus's detriment. Andrus further argued that because he could not file a successive petition, relief was warranted under I.R.C.P. 60(b)(6). Post-conviction counsel was not listed on the certificate of service for the I.R.C.P. 60(b) motion.

The State objected to the motion, arguing that the district court no longer had jurisdiction because the case was already on appeal, Andrus could not file documents pro se when he was represented by counsel, and the motion was not filed within six months of the entry of judgment. Post-conviction counsel was listed on the certificate of service for the objection, thus it appears that counsel was aware that such a motion had been filed.

The district court determined it had jurisdiction to hear the I.R.C.P. 60(b) motion pursuant to Idaho Appellate Rule 13(b)(6), Andrus was not prevented from filing a motion although counsel had been appointed, the motion need only be filed within a reasonable time, and the State did not provide any argument that the time was unreasonable. Nonetheless, the district court denied Andrus's motion, holding that Andrus had not established a unique and compelling circumstance justifying relief because the district court had dismissed the petition on its merits and because Andrus had not shown by way of affidavit or otherwise that there were any amendments to the petition or additional facts or arguments that would have prevented summary dismissal.

Andrus timely appealed.

## II.

## STANDARD OF REVIEW

The decision to grant or deny a motion under I.R.C.P. 60(b) is committed to the discretion of the trial court. *Pullin v. City of Kimberly,* 100 Idaho 34, 36, 592 P.2d 849, 851 (1979). When a trial court's discretionary decision is reviewed on appeal, the appellate court

3

conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

A determination under I.R.C.P. 60(b) turns largely on questions of fact to be determined by the trial court. *Waller v. State, Dep't of Health and Welfare*, 146 Idaho 234, 237, 192 P.3d 1058, 1061 (2008). Those factual findings will be upheld unless they are clearly erroneous. *Id.* at 238, 192 P.3d at 1062. If the trial court applies the facts in a logical manner to the criteria set forth in I.R.C.P. 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion. *Waller*, 146 Idaho at 237-38, 192 P.3d at 1061-62.

### III.

### ANALYSIS

Here, the district court correctly perceived the grant or denial of an I.R.C.P. 60(b) motion as discretionary. However, the district court did not act consistently with the relevant legal standards when it determined that the holding of *Eby v. State*, 148 Idaho 731, 228 P.3d 998 (2010) was inapplicable.

The Court has noticed a significant increase in I.R.C.P. 60(b) motions in post-conviction cases following the Idaho Supreme Court's opinion in *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014). In *Murphy*, the Court addressed Murphy's appeal from the dismissal of a successive petition for post-conviction relief, as well as a denial of her I.R.C.P. 60(b) motion. *Murphy*, 156 Idaho at 390, 327 P.3d at 366. The *Murphy* opinion addressed the issue of successive post-conviction petitions. *Id.* Relevant to this case is the Court's holding that a claim of ineffective assistance of post-conviction counsel was no longer a sufficient reason under I.C. § 19-4908 to allow Murphy to file a successive petition. *Murphy*, 156 Idaho at 391, 327 P.3d at 367. The Court's analysis was as follows:

> A request for appointment of counsel in a post-conviction proceeding is governed by I.C. § 19-4904, which provides that in proceedings under the UPCPA, a court-appointed attorney "may be made available" to an applicant who is unable to pay the costs of representation. I.C. § 19-4904; *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). The decision to grant or deny a request for court-appointed counsel lies within the discretion of the trial court. *Eby v. State*, 148 Idaho 731, 738, 228 P.3d 998, 1005 (2010). The standard for determining

4

whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007). "In deciding whether the *pro se* petition raises the possibility of a valid claim, the trial court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims." *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007). Although "the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims," counsel should be appointed if the facts alleged raise the possibility of a valid claim.

*Murphy*, 156 Idaho at 392-93, 327 P.3d at 368-69. The Court noted there was no federal constitutional right to counsel in state post-conviction cases. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings"); *Murphy*, 156 Idaho at 394, 327 P.3d at 370. The Court also noted that appointment of counsel in collateral review proceedings in Idaho is discretionary. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. Consequently, the Court held that I.C. § 19-4904 does not create a statutory right to post-conviction counsel. *Murphy*, 156 Idaho at 394, 327 P.3d at 370.

In reaching this conclusion, the Court explicitly overruled *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981). As a result, in cases where post-conviction petitioners have been appointed counsel but counsel provides less than ideal representation (at best) and unacceptable representation (at worst), the petitioner no longer has the ability to attempt a remedy through a successive post-conviction petition. Instead, petitioners have utilized I.R.C.P. 60(b)(6) as a procedural mechanism to challenge the inactivity of counsel to secure meaningful review and development of their post-conviction petition claims.

Andrus utilized that mechanism in this case and filed an I.R.C.P. 60(b)(6) motion to allege a complete lack of any representation in his post-conviction case. In *Eby*, the Idaho Supreme Court held that the "complete absence of meaningful representation" in a post-conviction action "may present the 'unique and compelling circumstances' in which I.R.C.P. 60(b)(6) relief may well be warranted." *Eby*, 148 Idaho at 737, 228 P.3d at 1004. In its order denying Andrus's I.R.C.P. 60(b)(6) motion, the district court quoted the following passage from the *Eby* opinion:

We recognize and reiterate today that there is no right to effective assistance of counsel in post-conviction cases. We likewise recognize that "this Court has infrequently found reason to grant relief under I.R.C.P. 60(b)(6)." *Berg v. Kendall*, 147 Idaho 571, 576 n.7, 212 P.3d 1001, 1006 n.7 (2009). However, we are also cognizant that the Uniform Post–Conviction Procedure Act is "the

5

exclusive means for challenging the validity of a conviction or sentence" other than by direct appeal. *Rhoades v. State*, 148 Idaho 215, 217, 220 P.3d 571, 573 (2009) (quoting *Hays v. State*, 132 Idaho 516, 519, 975 P.2d 1181, 1184 (Ct.App.1999)). Given the unique status of a post-conviction proceeding, and given the complete absence of meaningful representation in the only available proceeding for Eby to advance constitutional challenges to his conviction and sentence, we conclude that this case may present the "unique and compelling circumstances" in which I.R.C.P. 60(b)(6) relief may well be warranted.

*Eby*, 148 Idaho at 737, 228 P.3d at 1004. Despite this language, the district court distinguished Andrus's case from *Eby*, reasoning that:

> In both *Eby* and *Berg*[2] there was no opportunity for appellate review of the merits of the petition or complaint, since dismissal was not based on the merits of the claims asserted. In the case of petitioner herein, the petition for post-conviction relief with or without appointed counsel's participation was dismissed on its merits or lack of merit and is presently the subject of a pending appeal.
>
> The petitioner has not made any showing by way of affidavit or otherwise that there were any amendments to the petition that would have prevented summary dismissal or that there were any additional facts or legal authority that appointed counsel could have presented or argued that would have prevented summary dismissal. The petitioner has made no cogent argument of a valid claim that could have withstood summary dismissal on the merits. Therefore, the petitioner has failed to make a proper showing for relief pursuant to I.R.C.P. 60(b)(6).

The district court's analysis was not consistent with the applicable legal standards; consequently, the district court abused its discretion.

We read *Eby* to apply in circumstances where the record reveals a complete absence of meaningful representation. *Eby* recognized the competing policy concerns as articulated by the Court. On the one hand, the Court recognized that the Uniform Post-Conviction Procedure Act is the exclusive means for challenging the validity of a conviction or sentence and that if counsel is appointed, counsel is expected to provide meaningful representation. On the other hand, the Court was clear that an I.R.C.P. 60(b) motion should be carefully evaluated so that the narrow circumstance in which it applies does not become the rule instead of the exception. Thus, a petitioner does not need to establish "years of shocking or disgraceful neglect" as occurred in *Eby* to avail himself of I.R.C.P. 60(b) relief but neither is that relief available where counsel performs some duties such that the claims have been reviewed or counsel participates by pleading or appearance. Here, the district court did not address whether there had been a lack of

---

[2]     *Berg v. Kendall*, 147 Idaho 571, 121 P.3d 1001 (2009).

meaningful representation because the court believed it had analyzed the claims on the merits. It did not.

The district court could not evaluate the claims on the merits without first determining whether the initial claims were the claims the petitioner, after having had the assistance of counsel, wished to pursue. Although the appointment of counsel is discretionary, counsel "should" be appointed when there is the possibility of a valid claim; failure to do so is an abuse of discretion. *Murphy*, 156 Idaho at 392-93, 327 P.3d at 368-69. This is because:

> Although the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims, he should be provided with a meaningful opportunity to supplement the record . . . prior to the dismissal of his petition where, as here, he has alleged facts supporting some elements of a valid claim.

*Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. Where counsel has been appointed, it is error to dismiss those same claims "on the merits" when there is an allegation, supported by some evidence, of the complete absence of any assistance of counsel to review, develop, or amend those claims. In this case, Andrus alleged the potential merits were never explored, developed, investigated, or amended even after counsel was on notice of the deficiencies of the claims. Andrus alleged counsel provided no assistance in evaluating the deficiencies or responding to the notice of intent to dismiss, resulting in potentially valid claims being dismissed before any validity could be established. Andrus further claimed counsel had never contacted him except for notifying him that he filed a motion for extension of time. Support for Andrus's claims can be found in the record--it is devoid of any pleadings or filings by appointed counsel except for the initial request for an extension of time to file an amended petition.

The district court did not act consistently with the applicable legal standards when determining this case was distinguishable from *Eby* on the ground that the claims were reviewed on the merits because Andrus's claims were reviewed only as initially pleaded. Like in *Eby*, counsel was appointed to help Andrus investigate, refine, or amend existing claims. As alleged by Andrus, because counsel did nothing, Andrus was not able to meaningfully respond to the alleged deficiencies outlined in the notice of intent to dismiss. Moreover, without counsel participating in the case, the merits of each claim were not explored or developed by counsel nor did Andrus have the opportunity to investigate or amend his claims; thus, the apparent complete lack of representation may have prevented Andrus from meaningfully participating in the only proceeding available to address his post-conviction claims.

Additionally, the district court erred in denying Andrus's I.R.C.P. 60(b)(6) motion on the grounds that Andrus had not "made any showing by way of affidavit or otherwise that there were any amendments to the petition that would have prevented summary dismissal or that there were any additional facts or legal authority that appointed counsel could have presented or argued that would have prevented summary dismissal." These are precisely the types of activities for which counsel was appointed. To deny Andrus's motion because Andrus did not do what his appointed counsel was appointed to do is contrary to the holding in *Eby* and further demonstrates the prejudice associated with a lack of meaningful representation.

In cases where counsel has been appointed, summary dismissal of the claims is not "on the merits" when the record reveals counsel has not meaningfully participated in the proceedings. Consequently, in the context of a post-conviction case, when the petitioner alleges a complete lack of meaningful representation in an I.R.C.P. 60(b)(6) motion and the record does not dispel that claim, the district court abuses its discretion in dismissing the claims on the merits without establishing a record of some meaningful representation on those claims. We recognize that the court record may not reflect the work of counsel that does not result in a pleading or hearing. However, in the circumstances where the record reflects no activity of counsel that a court could determine as meaningful, the district court must either establish the necessary record or grant I.R.C.P. 60(b)(6) relief.

Under the circumstances described above, the denial of Andrus's I.R.C.P. 60(b)(6) motion was an abuse of discretion. As this is a matter of discretion for the trial court, we reverse and remand the case to the trial court. "When the discretion exercised by a trial court is affected by an error of law, our role is to note the error made and remand the case for appropriate findings." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 15-16, 175 P.3d 172, 177-78 (2007).

## IV.

## CONCLUSION

Based upon the record in this case, the district court erred in denying Andrus's I.R.C.P. 60(b)(6) motion. We reverse the district court's order denying relief from judgment and remand the case for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

8