**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49420**

| | |
|---|---|
| **BRIAN GREGORY FIORI,** | ) |
| | ) **Filed: March 14, 2023** |
| **Petitioner-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **STATE OF IDAHO,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Respondent.** | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Order denying Idaho Rule of Civil Procedure 60(b) motion for relief, affirmed.

Nevin, Benjamin & McKay, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Brian Gregory Fiori appeals from the district court's denial of his Idaho Rule of Civil Procedure 60(b) motion for relief. Specifically, Fiori argues that post-conviction counsel's waiver of pleaded claims without consulting him or obtaining permission to abandon those claims and telling the court they are without merit presents the kind of unique and compelling circumstances which justify relief under Rule 60(b)(6). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Fiori of driving under the influence (third or subsequent offense), Idaho Code § 18-8004. Thereafter, Fiori filed a pro se petition for post-conviction relief, alleging nineteen grounds for relief, including claims for ineffective assistance of counsel, prosecutorial misconduct, juror misconduct, judicial error, and constitutional violations. *See Fiori v. State*, Docket No. 46173 (Ct. App. Nov. 20, 2019) (unpublished). In support, Fiori filed an affidavit

1

accompanied by approximately 300 pages of documents and a supplemental affidavit with additional documents. Fiori also filed a motion for appointment of counsel. *Id.* The district court denied Fiori's motion for appointment of counsel, found Fiori's petition frivolous, and summarily dismissed the petition. *Id.* On appeal, this Court reversed the district court's denial of Fiori's motion for the appointment of counsel, concluding that the court applied incorrect standards to determine whether Fiori had alleged sufficient facts to merit the appointment of counsel. As a result, this Court vacated the judgment summarily dismissing Fiori's petition and remanded the case. *Id.*

On remand, the district court appointed counsel for Fiori. Appointed counsel did not amend Fiori's petition, and the State again moved for summary dismissal. Counsel filed a brief in opposition to the State's motion for summary disposition. In that brief, counsel waived three of Fiori's claims. The district court determined that "Fiori's counsel, a very experienced defense attorney, has asserted many claims on Fiori's behalf, and he has explicitly abandoned several claims that did not have merit. As a result, Fiori implicitly abandons any and all other claims not specifically and expressly stated in his opposition brief." Fiori filed a declaration alleging that post-conviction counsel abandoned these claims without conferring with him.

At a hearing on the summary dismissal motion, the State objected to Fiori's declaration as containing inadmissible hearsay and to various pro se filings that do not comport with I.C. § 19-4903. Following the hearing, the district court issued a memorandum decision. It ruled that Fiori's unverified documents were inadmissible. Fiori appealed. On appeal, this Court affirmed the district court's decision finding that Fiori failed to establish the district court erred by summarily dismissing his claims. *See Fiori v. State*, Docket No. 48257 (Ct. App. May 26, 2022) (unpublished).

Fiori also filed a pro se motion for reconsideration pursuant to Rule 60(b). The district court found that the motion was not valid under Rule 60(b) because Fiori's motion did not cite any of the specific grounds for relief under Rule 60(b) and the materials Fiori submitted did not support relief. Fiori timely appeals from the denial of his motion for reconsideration.

## II.

## STANDARD OF REVIEW

Idaho Rules of Civil Procedure apply in all actions "of a civil nature." I.R.C.P. 1(b). Rule 60(b) enunciates a variety of grounds upon which relief from a judgment may be obtained.

2

A trial court's decision whether to grant relief pursuant to Rule 60(b) is reviewed for an abuse of discretion. *Kirkland v. State*, 143 Idaho 544, 547, 149 P.3d 819, 822 (2006). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

A determination under Rule 60(b) turns largely on questions of fact to be determined by the trial court. *Andrus v. State*, 164 Idaho 565, 567, 433 P.3d 665, 667 (Ct. App. 2019). Idaho appellate courts will uphold those factual findings unless they are clearly erroneous. *Id.* If the trial court applies the facts in a logical manner to the criteria set forth in Rule 60(b), while keeping in mind the policy favoring relief in doubtful cases, the court will be deemed to have acted within its discretion. *Id.*

## III.

## ANALYSIS

Fiori argues that: (1) his post-conviction counsel disregarded his wishes as to the waived claims and provided no meaningful representation as to those issues; and (2) the district court abused its discretion by failing to consider whether post-conviction counsel's waiver of claims constituted unique and compelling circumstances justifying relief under Rule 60(b)(6).

"Although the district court has broad discretion in deciding a Rule 60(b) motion, the motion may be granted only upon a showing of unique and compelling circumstances." *Palmer v. Spain*, 138 Idaho 798, 802, 69 P.3d 1059, 1063 (2003). There is not a constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *Schultz v. State*, 159 Idaho 486, 488, 362 P.3d 561, 563 (Ct. App. 2015). As such, ineffective assistance of prior post-conviction counsel is not a sufficient reason for filing a successive petition for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014).

Although a petitioner does not need to establish years of shocking or disgraceful neglect by post-conviction counsel to avail himself of Rule 60(b)(6) relief, relief is not available where counsel reviews potential claims or participates by pleading or appearance. *Andrus*, 164 Idaho at 569, 433 P.3d at 669.

3

Fiori argues that Rule 60(b) relief should be granted in his case because post-conviction counsel affirmatively waived claims without consulting with him or obtaining Fiori's permission to waive the claims, which he asserts is akin to a complete absence of meaningful representation. Fiori further argues that post-conviction counsel not only failed to represent him on the waived claims, but also "affirmatively aided" the State by informing the district court the claims were without merit.

However, this is not one of the rare instances where relief may be available under Rule 60(b)(6). The record reflects that Fiori's post-conviction counsel reviewed the record, identified issues that he deemed viable, wrote a brief in opposition of the State's motion for summary dismissal, and argued against the State's motion for summary dismissal at a hearing on the motion. It is not a complete lack of meaningful representation for counsel not to pursue non-meritorious claims and to advise the court accordingly.

The State asserts that Fiori is, in essence, attempting to resurrect the rule from *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981), which was overruled by the Idaho Supreme Court in *Murphy*, 156 Idaho 389, 327 P.3d 365. In *Palmer*, the Idaho Supreme Court held that a successive petition was the proper vehicle to address claims abandoned by counsel in the first petition, which is the same argument Fiori raises in the Rule 60(b) context. *Palmer*, 102 Idaho at 595-96, 635 P.2d at 959-60. However, in *Murphy*, the Idaho Supreme Court determined that there cannot be a deprivation of effective assistance of counsel where there is no right to counsel; thus a successive petition cannot be filed based on ineffectiveness of post-conviction counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. Similarly, because there is not a right to effective assistance of post-conviction counsel, it is not a basis under Rule 60(b)(6) to resurrect the dismissed claims. Post-conviction counsel's conduct and express choices made in representing a petitioner, as opposed to a complete absence of representation, does not equate to a unique and compelling circumstance warranting relief under Rule 60(b).

Additionally, the party seeking relief under Rule 60(b) must also show there is a "genuine justiciable controversy" before a judgment granting summary relief will be set aside. *Ponderosa Paint Mfg., Inc. v. Yack*, 125 Idaho 310, 317, 870 P.2d 663, 670 (Ct. App. 1994). Even if post-conviction counsel's waiver of claims or acknowledgement that some of Fiori's claims lacked

4

merit triggered a Rule 60(b) analysis, Fiori did not attempt to show that his claims raised a genuine issue of fact sufficient to defeat the State's summary dismissal motion.[1]

## IV.

## CONCLUSION

The district court did not err in denying Fiori's Rule 60(b) motion. Therefore, the district court's denial of Fiori's Rule 60(b) motion is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[1] In reply, Fiori contends the State failed to preserve the argument that Fiori did not show his claims had merit. It was, however, Fiori's burden to show a genuine justiciable controversy in order to set aside the court's summary dismissal order. The State may point out this failure in support of the district court's decision to deny Fiori's Rule 60(b) motion.

5