# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50640

| | |
|---|---|
| LAWRENCE SCOTT ANDRUS, | ) |
| | ) Filed: November 8, 2024 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Judgment dismissing amended successive petition for post-conviction relief, affirmed.

Lawrence Scott Andrus, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Lawrence Scott Andrus appeals from the judgment dismissing his amended successive petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014, officers were dispatched to a bridge based on a report that Andrus intended to end his own life. Andrus was placed in protective custody and transported to a hospital. At the hospital, Andrus stated he was not suicidal and admitted to drinking a half-pint of vodka earlier that day. Andrus was subsequently placed under arrest for providing false information to an officer and was transported to the county jail. During transport, the officer noted that Andrus smelled like alcohol. Based upon the officer's observations and Andrus's prior admissions that he was

1

intoxicated and drove himself to the bridge, the officer conducted field sobriety tests, which Andrus failed. Andrus provided breath samples that showed his blood alcohol content was 0.247 and 0.248.

Andrus was initially charged with excessive misdemeanor driving under the influence (DUI). After discovering Andrus's prior DUI convictions, the State amended the charge to felony DUI.[1] Andrus was found guilty after a jury trial. Andrus challenged his sentence and the denial of his I.C.R. 35 motion, which this Court affirmed in an unpublished opinion. *See State v. Andrus*, Docket No. 42878 (Ct. App. Jan. 14, 2016). Thereafter, Andrus filed a petition for post-conviction relief. The district court summarily dismissed Andrus's petition. Andrus appealed and this Court affirmed the district court's summary dismissal order in an unpublished opinion. *See Andrus v. State*, Docket No. 44686 (Ct. App. Jan. 24, 2018).

While his post-conviction appeal was pending, Andrus filed a motion for relief from judgment pursuant to I.R.C.P. 60(b)(6), which the district court denied. Andrus appealed, and this Court reversed the district court's denial and remanded the matter for further proceedings. *See Andrus v. State*, 164 Idaho 565, 570, 433 P.3d 665, 670 (Ct. App. 2019). On remand, Andrus filed an amended I.R.C.P. 60(b) motion and a motion to amend his original petition for post-conviction relief, both of which the district court granted. Andrus filed an amended petition for post-conviction relief alleging various instances of ineffective assistance of trial counsel. Following an evidentiary hearing and briefing by the parties, the district court denied Andrus's amended petition. Andrus appealed and this Court affirmed the district court's order denying Andrus's amended petition for post-conviction relief in an unpublished opinion. *See Andrus v. State*, Docket No. 47805 (Ct. App. June 1, 2021).

In 2022, Andrus filed a successive petition for post-conviction relief. The State moved for summary dismissal of Andrus's successive petition. Before the district court could rule on the State's motion, Andrus amended his successive petition. Andrus's amended successive petition raised a single claim: that Andrus's trial counsel from 2014 was ineffective for failing to move to suppress evidence in his underlying criminal case pursuant to the reasoning of *State v. Clarke*, 165

---

[1]     Andrus was also charged with failure to purchase a driver's license, I.C. § 49-301; violation of a no-contact order, I.C. § 18-920; and providing false information to an officer, I.C. § 18-5413. Andrus's felony DUI charge was ultimately severed from the other charges.

Idaho 393, 446 P.3d 451 (2019) (holding that the Idaho Constitution prohibits warrantless arrests for misdemeanor offenses not committed in the officer's presence). The district court held a hearing on Andrus's amended successive petition. Neither party presented evidence at the hearing. Following the hearing, the district court entered an order dismissing Andrus's amended successive petition for post-conviction relief. The district court presumed for purposes of its order that Andrus's amended successive petition was timely and determined: (1) Andrus's claim was barred by I.C. § 19-4908 because he could have raised it in the course of his original post-conviction proceeding; and (2) Andrus failed to show he was entitled to relief on the merits of his claim because any motion to suppress filed by his trial counsel would have been unsuccessful.[2] Andrus appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Andrus contends the district court erred in dismissing his amended successive petition for post-conviction relief. Specifically, Andrus argues "the State interfered with the substantive right [he] had to the suppression of evidence from an unlawful arrest" and that, as a result, he

---

[2]     Andrus argued his successive petition was timely because it was filed within one year of "the determination of a proceeding following an appeal" as allowed by I.C. § 19-4902. The district court was not convinced that the one-year statute of limitation outlined in I.C. § 19-4902 "was automatically extended and/or that I.C. § 19-4908 allows for a successive post-conviction petition," because a successive petition was filed within one year of the remittitur on the Court of Appeals' decision, which affirmed the denial of Andrus's original post-conviction petition. However, because neither party disputed that Andrus's 2016 post-conviction petition was timely or argued that this Court's remittitur was issued on the appeal of that case in 2021, the district court accepted Andrus's successive petition as timely for purposes of its decision.

3

"demonstrated he was denied effective assistance of counsel." The State responds that the record and applicable law supports the district court's dismissal of Andrus's amended successive petition. We hold that Andrus has failed to show the district court erred in dismissing his amended successive petition for post-conviction relief.

If an initial post-conviction action was timely filed, the merits of a subsequent petition may be considered outside of the one-year limitation period if the district court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). However, a successive petition is subject to summary dismissal if the petitioner fails to show a sufficient reason for filing a successive petition. *Hooper v. State*, 127 Idaho 945, 948, 908 P.2d 1252, 1255 (Ct. App. 1995). Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* In the context of a successive petition for post-conviction relief, we first consider whether the petitioner raised the possibility of a valid claim as to the grounds asserted as sufficient reason for filing the successive petition. *See Melton v. State*, 148 Idaho 339, 343, 223 P.3d 281, 285 (2009) (addressing whether petitioner raised the possibility of a valid claim as to "the grounds upon which [the petitioner] based his successive [petition] for post-conviction relief").

After accepting Andrus's amended successive petition for post-conviction relief as timely, the district court considered whether Andrus "presented sufficient evidence explaining and/or justifying his failure to raise the current post-conviction issue in his original 2016 post-conviction case" as required by I.C. § 19-4908. Section 19-4908 provides:

> All grounds for relief available to an applicant under [the Uniform Post-Conviction Procedure Act] must be raised in [the] original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

4

Andrus argued to the district court that he was entitled to file a successive petition for post-conviction relief "under the Sixth Amendment of the United States Constitution and Article I, Section 13 of the Idaho Constitution, on the ground of ineffective assistance of counsel." Relying on the Idaho Supreme Court's holding in *Clarke*, 165 Idaho 393, 446 P.3d 451 as a basis for his ineffective assistance of trial counsel claim, Andrus argued his trial counsel from 2014 was ineffective because he "failed to recognize long existing law, then failed to move the [district court] to dismiss the DUI charge and/or suppress the evidentiary testing results used against him."

The district court began by noting that Andrus failed to raise the current alleged deficiency by trial counsel as part of his initial petition for post-conviction relief from 2016. Based on I.C. § 19-4908, the district court determined that, "not only should Andrus have included this current claim of ineffective assistance of counsel in his original 2016 post-conviction proceeding, but also that the newly asserted claim may not serve as a basis for subsequent application." The district court determined that Andrus's amended successive petition would be precluded under I.C. § 19-4908 unless it identified a ground for relief for which sufficient reason was not adequately raised or asserted in his original, supplemental, or amended petition. The district court found that Andrus's argument on this issue helped establish that he "waived the right to assert the current issue when he failed to raise it in his original post-conviction case."

In his amended successive petition, Andrus did not argue that the *Clarke* holding created new case law that should be applied retroactively. Rather, Andrus asserted that, "even though *State v. Clarke* occurred almost five (5) years after [his] conviction, the Idaho Supreme Court has made it clear that this is not 'new' law." Andrus also cited *State v. Amstutz*, 169 Idaho 144, 492 P.3d 1103 (2021) to further argue that "the *Clarke* decision did not state new law; it merely memorialized what the framers of the Idaho Constitution initially intended in limiting an officer's arrest powers for completed misdemeanors." As such, Andrus argued there existed "evidence of material facts and law, not previously presented and heard" which required "vacation of [his] conviction and sentence in the interest of justice." Andrus contended that the Court's reasoning in *Clarke* was applicable to his case and that:

> [Andrus's] prior trial counsel should have filed a motion to suppress because there
> was neither a constitutional nor statutory basis upon which he could have been
> arrested; so, as a result, [Andrus's] arrest had been unlawful. If his arrest were [sic]

unlawful, the breath test and further evidence and/or statements obtained incident to arrest would be "fruit of the poisonous tree" and therefore subject to suppression.

The district court was not persuaded that Andrus was unlawfully arrested prior to the officer conducting the field sobriety tests and Andrus submitting to evidentiary breath testing. The district court also disagreed with Andrus's conclusion that the officer administered a breath test after an unlawful arrest. The district court found that Andrus was lawfully in custody at the time he performed the field sobriety tests and provided the breath samples, stating: "It was *only* after completing and failing those evidentiary tests that Andrus was taken into custody on the Excessive DUI charge." The district court further found that, if the holding in *Clarke* did not establish new law as Andrus argued, then he had an obligation to raise the ineffective assistance of trial counsel claim in his original post-conviction case as required by I.C. § 19-4908. That Andrus could and should have raised the issue in his first post-conviction case became more apparent when the district court also considered that Andrus's amended petition for post-conviction relief from 2016 was filed during the first week of June 2019; "within a week of the time the *Clarke* opinion was issued."

Accordingly, the district court found that Andrus "could and should have included the issue in his original post-conviction case, but failed to do so." The district court, therefore, determined that Andrus failed to present sufficient reason and/or justification as to why he could not have included the current ineffective assistance of trial counsel claim in his original post-conviction petition from 2016. Because Andrus failed to establish that he had a sufficient reason for not raising his current claim in his original post-conviction case, the district court found that I.C. § 19-4908 precluded him from attempting to raise the issue in a successive petition for post-conviction relief.

On appeal, Andrus contends the district court erred in finding that he waived the *Clarke*-based ineffective assistance of counsel claim alleged in his successive petition for post-conviction relief. Specifically, Andrus asserts that "the constitutional repugnance of modal procedure to blackletter constraints on police arrest-powers" provides him with "both the requisite 'ground' and 'sufficient reason' to assert his post-conviction claim now." However, Andrus does not offer cogent argument or authority supporting his argument, nor does he demonstrate how the district court erred in determining that he did not meet the requirements for filing a successive petition for

post-conviction relief. Rather, a majority of Andrus's arguments on appeal discuss the merits and facts of his underlying criminal case, which is not relevant to whether he met the successive petition standard. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, Andrus has failed to show the district court erred in finding that his amended successive petition for post-conviction relief is precluded by I.C. § 19-4908.

## IV.

## CONCLUSION

Because Andrus could have raised his ineffective assistance of trial counsel claim in his original post-conviction petition from 2016, and because he has failed to present sufficient reason as to why he did not, his amended successive petition for post-conviction relief is precluded by I.C. § 19-4908. Andrus has failed to show the district court erred in dismissing his amended successive petition for post-conviction relief. Accordingly, the district court's order dismissing Andrus's amended successive petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.