# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45655

| | | |
|---|---|---|
| IDAHO INDEPENDENT BANK, an Idaho corporation, | ) ) ) | Filed: May 10, 2019 |
| Plaintiff-Counterdefendant-Respondent, | ) ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| MARTY D. FRANTZ, an individual, and CINDY M. FRANTZ, an individual, | ) ) ) | |
| Defendants-Counterclaimants-Appellants. | ) ) ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen; Hon. Steve Verby, District Judges.

Denial of motion for relief under I.R.C.P. 60(b)(6) <u>affirmed</u>; challenge to disability accommodation, <u>dismissed</u>.

Marty D. Frantz, Post Falls, pro se appellant.

Hawley Troxell Ennis & Hawley LLP; Sheila R. Schwager, Boise, for respondent.

BRAILSFORD, Judge

Marty D. Frantz[1] appeals pro se the district court's denial of his request for relief from the final judgment in this case under Rule 60(b) of the Idaho Rules of Civil Procedure. Further,

---

[1] Frantz's wife, Cindy M. Frantz, signed the notice of appeal in this case. She did not, however, sign the appellant's brief. Frantz cannot represent his wife pro se. "Although a non-attorney may appear *pro se* on his own behalf, that privilege is personal to him." *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 745, 215 P.3d 457, 465 (2009). Because Cindy Frantz did not submit a brief, we deem her appeal abandoned. *See Lomas & Nettleton Co. v. Tiger Enters., Inc.*, 99 Idaho 539, 540, 585 P.2d 949, 950 (1978) (deeming appeal abandoned for failure to file brief); *see also* Idaho Appellate Rule 21.

Frantz challenges the district court's accommodation of his disability. For the reasons discussed below, we dismiss Frantz's challenge to the accommodation the district court provided him and affirm the district court's denial of his Rule 60(b) motion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Frantz and Idaho Independent Bank (Bank) have a lengthy, complicated litigation history. This is the second appeal in this case.[2] The facts giving rise to the parties' dispute began in 2006 when the Bank started extending construction loans to Eagle Ridge on Twin Lakes, Inc. (Eagle Ridge), a closely-held corporation in which Frantz and his wife held a majority interest. Over time, Eagle Ridge executed various promissory notes and extension agreements, and Frantz executed several guaranties unconditionally guaranteeing the full payment and satisfaction of Eagle Ridge's indebtedness to the Bank. In July 2010, the Bank filed this action against Frantz seeking to recover on Frantz's guaranties (guaranty action). In response, Frantz asserted affirmative defenses and filed counterclaims against the Bank.

Eventually, Frantz filed for bankruptcy, which stayed the Bank's prosecution of this guaranty action against Frantz. The Bank filed an adversary complaint in Frantz's bankruptcy case, alleging Frantz's debt to the Bank was nondischargeable because it was fraudulently obtained (fraud action). During the fraud action's pendency, the Bank took the deposition of Dirk Roeller, who Frantz contends disparaged him. As a result, Frantz sued Roeller for defamation (defamation action). At some point during the defamation action, the Honorable Steven Verby, an Idaho senior district judge, served as a mediator in an attempt to resolve Frantz's dispute with Roeller.

After the bankruptcy's automatic stay of this guaranty action was lifted, the Bank filed for summary judgment, and Frantz filed a cross-motion. *Idaho Indep. Bank v. Frantz*, 162 Idaho 509, 511, 399 P.3d 836, 838 (2017). The district court denied Frantz's motion, granted the Bank's motion, and entered a judgment against Frantz in an amount in excess of $9,000,000. *Id.* Frantz appealed, and the Idaho Supreme Court affirmed the district court's judgment. *Id.* at 517, 399 P.3d at 844.

---

[2] The Idaho Supreme Court provides a more in-depth history of the parties' dispute in its opinion resolving Frantz's first appeal, in which the Court affirmed the judgment in this case on behalf of the Bank against Frantz. *See Idaho Indep. Bank v. Frantz*, 162 Idaho 509, 399 P.3d 836 (2017).

During the pendency of Frantz's first appeal, the Bank took steps to execute on the judgment and, as a result, the Sheriff held a foreclosure sale on certain items of Frantz's personal property. The day before the foreclosure sale and eleven days after Frantz's deadline to provide the Sheriff with a claim of exemption, Frantz provided the Sheriff with a belated claim seeking an exemption for the personal property subject to the foreclosure sale.

After the foreclosure sale, Frantz filed a pro se motion seeking an extension of time in which to file a claim of exemption. The district court judge assigned to this case, the Honorable Richard S. Christensen, was absent so Judge Verby presided over Frantz's motion. On July 20, 2017, Judge Verby issued a "Memorandum Decision and Order on Defendants' Motion to Extend Filing Date for Claim of Exemption," in which Judge Verby denied Frantz's motion.

Frantz then moved both for reconsideration of Judge Verby's decision and also for relief under Rule 60(b). For purposes of these motions, Frantz sought an accommodation from the district court for his dyslexia. Judge Christensen presided over the hearing on Frantz's motions for reconsideration and for Rule 60(b) relief. At that hearing, Frantz was provided a court assistance officer's service as a reader to accommodate Frantz's dyslexia. On November 8, Judge Christensen denied Frantz's motion for reconsideration and for Rule 60(b) relief in a "Memorandum Decision." Several months later, in July 2018, Judge Christensen also dismissed Frantz's counterclaims with prejudice at the Bank's request.

On appeal, Frantz ostensibly raises three issues in his briefing. First, he challenges the district court's denial of his Rule 60(b) motion. Second, he challenges the district court's accommodation of his dyslexia. Finally, Frantz challenges the district court's dismissal of his counterclaims against the Bank.[3]

Both parties' acknowledge, however, that Frantz's latter challenge regarding the counterclaims is not properly at issue in this second appeal; rather, it is the subject of Frantz's third appeal. *See Idaho Indep. Bank v. Frantz*, Idaho Supreme Court Docket No. 46237. That

---

[3]    In his notice of appeal, Frantz identifies as an issue on appeal Judge Verby's memorandum decision denying Frantz's motion for an extension of time in which to file an exemption. Frantz, however, fails to identify the denial as an issue in his appellate brief, to make any argument regarding this issue, or to cite any supporting authority. For these reasons, he has waived the issue on appeal. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 441 (Ct. App. 1997) ("A party waives an issue on appeal if either authority or argument is lacking.").

3

third appeal has been suspended until the resolution of Frantz's pending appeal in bankruptcy court. Accordingly, we only address Frantz's first and second challenges noted above.

## II.

## STANDARD OF REVIEW

This Court reviews the district court's denial of a Rule 60(b)(6) motion for an abuse of discretion. *Berg v. Kendall*, 147 Idaho 571, 578, 212 P.3d 1001, 1008 (2009). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). The district court's findings of fact in deciding a Rule 60(b) motion will not be set aside unless clearly erroneous. *PHH Mortgage v. Nickerson*, 164 Idaho 33, 39, 423 P.3d 454, 460 (2018).

## III.

## ANALYSIS

### A. The District Court Did Not Err in Denying Relief Under Rule 60(b)(6)

After Judge Verby denied Frantz's motion for an extension, Frantz moved for relief from the judgment under Rule 60(b)(6). The crux of Frantz's argument was that Judge Verby should have disqualified himself from presiding over Frantz's motion because Judge Verby had previously acted as mediator in Frantz's defamation action against Roeller. The district court, Judge Christensen presiding, denied Frantz's Rule 60(b)(6) motion. The district court concluded Frantz failed to show prejudice and also rejected the notion that another judge would have decided Frantz's motion for an extension differently.

Frantz challenges this ruling on appeal. He argues that, because of Judge Verby's involvement as a mediator in the defamation case, Judge Verby likely formed a negative bias of Frantz; disfavored him; and had "detailed nasty knowledge" against him, which was "very damaging." Frantz further argues Judge Verby created an appearance of impropriety and should have disqualified himself under a federal statute, 28 U.S.C. § 455. Also, for the first time on appeal, Frantz argues Judge Christensen was biased against him. Frantz contends Judge Verby's and Judge Christensen's biases require the judgment in this case to be vacated under Rule 60(b)(6).

4

Rule 60(b)(6) is a catchall provision allowing the district court to relieve a party from a final judgment for "any other reason that justifies relief." While broadly worded, Idaho appellate courts have narrowly construed Rule 60(b)(6). A party seeking relief under Rule 60(b)(6) "must demonstrate unique and compelling circumstances justifying relief." *In re Estate of Bagley*, 117 Idaho 1091, 1093-94, 793 P.2d 1263, 1265-66 (Ct. App. 1990); *see also Miller v. Haller*, 129 Idaho 345, 349, 924 P.2d 607, 611 (1996) (requiring showing of unique and compelling circumstances justifying relief). Under this standard of "unique and compelling circumstances," Idaho appellate courts have sparingly and infrequently granted Rule 60(b)(6) relief. *See Printcraft Press, Inc. v. Sunnyside Park Utils, Inc.*, 153 Idaho 440, 449, 283 P.3d 757, 766 (2012) (noting sparing application); *Berg*, 147 Idaho at 578, 212 P.3d at 1008 (noting infrequent grant of relief).

We conclude that Judge Verby's involvement in this case after serving as a mediator in Frantz's defamation action is not a unique and compelling circumstance justifying Frantz's relief from the judgment under Rule 60(b)(6). Judge Verby's involvement in this case was very brief, occurred only after the Idaho Supreme Court affirmed the judgment against Frantz, and was limited to a discrete issue of whether Frantz was entitled to an extension of time--an issue which Frantz does not even properly appeal. Further, Frantz's dispute with Roeller in the defamation case about which Judge Verby was aware was not an issue in this case at summary judgment, on appeal of that judgment, post-judgment, or otherwise. Nothing in the record indicates that Judge Verby's knowledge of the defamation action and his limited, post-judgment involvement in this case had any impact on the judgment's validity or otherwise warrants granting Frantz relief from the judgment.

Moreover, there is nothing in the record indicating Judge Verby was actually biased against Frantz. While Frantz contends Judge Verby knew "damaging" information about him, Frantz fails to identify that purported information. Further, several facts bely Frantz's concern about Judge Verby's alleged partiality, including that Frantz did not remember Judge Verby; Judge Verby apparently did not remember Frantz; and Frantz expressly requested Judge Verby to preside over his motion for reconsideration if Judge Christensen was not available. This request suggests Frantz did not actually believe Judge Verby was partial or treated Frantz unfairly when Judge Verby ruled on the motion.

5

Frantz's challenge to Judge Christensen's partiality is even more tenuous than Frantz's challenge against Judge Verby. Because Frantz raises this challenge for the first time on appeal, we decline to consider it. *See Valiant Idaho, LLC v. JV LLC*, 164 Idaho 280, 287 n.2, 429 P.3d 168, 175 n.2 (2018) (noting longstanding rule that court will not consider issues raised for first time on appeal). Regardless, the record is completely devoid of anything to support Frantz's argument that Judge Verby shared negative information about Frantz with Judge Christensen, causing him to be biased. Frantz's assertions that Judge Verby and Judge Christensen were biased are without merit. We affirm the district court's denial of Frantz's Rule 60(b)(6) motion; Frantz has failed to demonstrate a unique and compelling circumstance necessary to warrant relief from the judgment.

**B.     The District Court's Accommodation of Frantz's Disability Is Not a Proper Issue on Appeal**

On appeal, Frantz challenges the district court's response to his request for an accommodation of his dyslexia. He argues the district court failed to "satisfy" the "mandate requirement" of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq*. Specifically, Frantz contends the district court erred by refusing his "request to meet with the court reader to review and clarify [his seventeen requests for] accommodations."

We decline to consider this issue on appeal. "It is well established that in order for an issue to be raised on appeal, the record must reveal an adverse ruling which forms the basis for an assignment of error." *Krempasky v. Nez Perce Cnty. Planning & Zoning*, 150 Idaho 231, 236, 245 P.3d 983, 988 (2010) (quoting *Whitted v. Canyon Cnty. Bd. of Comm'rs*, 137 Idaho 118, 121, 44 P.3d 1173, 1176 (2002)). Whether the district court adequately accommodated Frantz's disability is neither a legal issue involving the Bank nor an adverse legal ruling against Frantz in favor of the Bank. Moreover, the Bank never opposed Frantz's request for an accommodation.

Under Idaho Court Administrative Rule 50, the Idaho Supreme Court's policy is to ensure equal access to individuals with disabilities and their full participation in the judicial system. Rule 50 governs a request that a court provide an accommodation for an individual with a disability and also any grievances related to that accommodation. An appeal of the district court's accommodation to this Court is improper because it is not an appealable order.

6

**C.      Attorney Fees and Costs on Appeal**

The Bank's opposition to Frantz's appeal constitutes a reasonable post-judgment attempt to collect on the judgment. For that reason, the Bank is entitled to reasonable attorney fees incurred on appeal under I.C. § 12-120(5). Additionally, as the prevailing party, the Bank is allowed costs under Idaho Appellate Rule 40.

## IV.

## CONCLUSION

Based on the foregoing, we affirm the district court's denial of Frantz's motion for relief under Rule 60(b)(6) and dismiss his challenge to the district court's accommodation of his disability. Costs and attorney fees awarded to the Bank on appeal.

Judge HUSKEY and Judge LORELLO **CONCUR**.