**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 46265**

| | | |
|---|---|---|
| **GLEN JONES WARD,** | ) | |
| | ) | **Boise, December 2019 Term** |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | **Opinion Filed: February 18, 2020** |
| | ) | |
| **STATE OF IDAHO,** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| Respondent. | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Darren B. Simpson, District Judge.

The order of the district court is <u>vacated in part</u> and <u>the judgment is affirmed</u>.

Eric Don Fredericksen, State Appellate Public Defender, Boise, for Appellant. Andrea W. Reynolds argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Kenneth K. Jorgensen argued.

---

BURDICK, Chief Justice.

Glen Jones Ward appeals an order and final judgment of the district court granting the State's motion for summary dismissal and dismissing his petition for post-conviction relief. Ward argues the district court abused its discretion by denying his motion to proceed pro se as moot. Ward also argues the district court erred in denying his motion to proceed pro se because a post-conviction petitioner has a right to proceed pro se. We vacate in part, and affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Ward was convicted of sexual abuse of a minor under 16 years of age after he pleaded guilty to all elements of the crime except for the sexual intent element, to which he entered an *Alford* plea. He was sentenced to 18 years imprisonment with a 7-year fixed term.

On July 8, 2016, Ward filed a pro se petition for post-conviction relief. He made a number of arguments in his petition for post-conviction relief, including: (1) he did not act with

the criminal intent requisite for the crime he was convicted of, (2) his due process rights were violated, (3) the trial court lacked subject matter jurisdiction, and (4) he received ineffective assistance of counsel because his defense counsel lied to him, manipulated his testimony, and coerced him into pleading guilty. Ward also filed a motion seeking the appointment of counsel to represent him in the post-conviction relief proceedings. After granting the motion, the district court appointed a conflict public defender to represent Ward in the action.

The State answered Ward's petition for post-conviction relief and filed a motion for summary dismissal. Ward's appointed counsel secured a continuance and substitution of counsel. A different attorney appeared on behalf of Ward. Although he had secured new counsel, Ward subsequently filed numerous pro se documents. At a hearing on January 4, 2017, the district court construed a number of Ward's pro se filings as motions, denied them, and granted another continuance.

Ward then filed a pro se document that the district court treated as a motion to amend his petition for post-conviction relief. The district court denied the motion to amend without prejudice. Ward's counsel then filed an amended petition for post-conviction relief on his behalf, asserting the same claims as were in the original petition. The State answered the amended petition and relied on its previously filed motion for summary dismissal. Meanwhile, Ward continued filing pro se documents with the court, notwithstanding the fact that his attorney was simultaneously representing him.

On January 24, 2018, the district court held a hearing on the State's motion for summary dismissal. Ward's attorney was present at the hearing. He noted that he was in "a tough situation," and that he had discussed with Ward his opinions on the merits of the claims raised in the petition. After discussing some case law, Ward's attorney concluded his argument by stating he "would leave it to [the court's] wisdom and discretion as to the motion for summary dismissal." The district court took the matter under advisement to review the transcript from a change of plea hearing in the original criminal case. The district court also stated that it would not consider the matter fully submitted until it had received the transcript.

Several weeks later, on February 12, 2018, Ward filed a pro se document purporting to be a motion "respectfully [invoking] his right to self-representation." On February 26, 2018, Ward filed another pro se document, asking the court to either grant or deny in writing his requested "right to self-representation." The district court received the change of plea transcript on

February 28, 2018, and the matter became fully submitted. On March 30, 2018, Ward resubmitted his request to represent himself. Ward did not request oral argument or submit any memorandum or brief in support of his purported motion.

On April 12, 2018, the district court entered an order granting the State's motion for summary dismissal and dismissed Ward's petition with prejudice. Simultaneously, the district construed Ward's request to represent himself as a motion to proceed pro se and entered an order denying it as moot on account of the summary dismissal. Ward filed additional pro se documents, including a timely notice of appeal. Appellate counsel was appointed to represent Ward. Ward's appellate counsel filed two amended notices of appeal.

## II.   ISSUE ON APPEAL

Did the district court err in denying Ward's request to proceed pro se?

## III.   STANDARD OF REVIEW

"This Court exercises free review over questions regarding the interpretation of the Idaho Rules of Civil Procedure." *Haight v. Idaho Dep't of Transp.*, 163 Idaho 383, 387, 414 P.3d 205, 209 (2018) (quoting *Boise Mode, LLC v. Donahoe Pace & Partners Ltd.*, 154 Idaho 99, 103, 294 P.3d 1111, 1115 (2013)). When it comes to motion practice, "[p]ro se litigants are held to the same standards and rules as those represented by an attorney." *Kootenai Cnty. v. Harriman-Sayler*, 154 Idaho 13, 17, 293 P.3d 637, 641 (2012) (quoting *Hoover v. Hunter*, 150 Idaho 658, 661, 249 P.3d 851, 854 (2011)).

## IV.   ANALYSIS

After construing a document filed independently by Ward as a motion to proceed pro se, the district court denied the motion, reasoning that it was moot because the court granted the State's motion for summary dismissal. Ward argues he has a right to represent himself in his post-conviction action and that his motion was not moot when it was filed. Before reaching the substance of Ward's argument on appeal, we first consider whether Ward's filing was properly brought before the district court and whether it was the correct method for proceeding without his attorney.

First, Ward's filing, even if construed as a motion, was not properly brought before the district court under the Idaho Rules of Civil Procedure. Actions for post-conviction relief are governed by the Idaho Rules of Civil Procedure because they are civil in nature. *Pizzuto v. State*, 127 Idaho 469, 470, 903 P.2d 58, 59 (1995) (citations omitted). Idaho Rule of Civil

3

Procedure 7 governs motion practice in civil proceedings. *See* I.R.C.P. 7. If a party does not request oral argument or properly support its motion with argument or briefing, Rule 7 grants discretion to the district court to deny the motion. I.R.C.P. 7(b)(3)(E) ("If the moving party does not request oral argument or does not timely file a supporting memorandum or brief, the court may deny the motion without further notice if it determines the motion does not have merit.").

Here, neither Ward nor his attorney requested a hearing for oral argument regarding Ward's filings. Ward also failed to submit any memorandum or brief in support of the filings. Under Rule 7, the district court had no duty to entertain any motion until it was properly supported or set for a hearing. Therefore, even if the filing submitted by Ward in an individual capacity was construed as a motion, it was subject to dismissal without further notice under Idaho Rule of Civil Procedure 7(b)(3)(E) because it was not properly brought before the district court.

Second, Ward's individual filing was not the proper method for proceeding without his attorney. Although neither party discussed the Sixth Amendment right to self-representation in criminal cases, we address it briefly, alongside our recent decision in *State v. Meyers*, to distinguish the present case. 164 Idaho 620, 434 P.3d 224 (2019). "The Sixth Amendment to the U.S. Constitution guarantees that 'in all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense.'" *Id.* at 623, 434 P.3d at 227 (quoting U.S. Const. amend. VI). "Implicit in this protection is also the right to proceed pro se when the accused voluntarily and intelligently elects to do so." *Id.* (citations omitted). In *Meyers*, we determined that a represented criminal defendant "clearly invoked his right of self-representation in [a] letter to the court," despite the fact that it was an ex parte communication, not a motion. *Id.* at 623, 625, 434 P.3d at 227, 229. Although we went on to apply a totality of the circumstances test and hold that the defendant, through his conduct, had subsequently waived his right to self-representation, it was implied in *Meyers* that an ex parte letter could be used by a represented criminal defendant to invoke his Sixth Amendment right to self-representation. *Id.* at 625, 434 P.3d at 229. However, *Meyers* is readily distinguishable from the present case, which is civil, not criminal, in nature.

As civil proceedings, actions for post-conviction relief do not trigger the Sixth Amendment. *Hall v. State*, 155 Idaho 610, 616, 315 P.3d 798, 804 (2013) ("'a petition for post-conviction relief is a civil proceeding' not a criminal prosecution triggering the Sixth

4

Amendment.") (quoting *Stuart v. State*, 136 Idaho 490, 494, 36 P.3d 1278, 1282 (2001)). While a criminal defendant may invoke his right to self-representation by making a "clear, unequivocal, and timely" request, *Meyers*, 164 Idaho at 623, 434 P.3d at 227, a party to a civil action has no such Sixth Amendment right. Instead, a party to a civil action who wishes to proceed without an attorney must comply with the Idaho Rules of Civil Procedure. Therefore, the right to self-representation invoked by the represented criminal defendant's letter in *Meyers* is not implicated in the present case because post-conviction proceedings are civil in nature. Accordingly, we turn to the Idaho Rules of Civil Procedure.

Idaho Rule of Civil Procedure 11.3 provides the procedure for substitution or withdrawal of an attorney in civil proceedings. *See* I.R.C.P. 11.3. The Rule provides two methods by which a party may proceed without his attorney. First, a party desiring to proceed without an attorney may file a notice of substitution of counsel indicating that he will be representing himself. *Cf.* I.R.C.P. 11.3(a)(1). In such a case, the attorney being replaced must sign the notice. *Id.* Second, if a party's counsel withdraws with the leave of the court under Rule 11.3(b), the party may proceed without counsel. *See Kootenai Cnty. v. Harriman-Sayler*, 154 Idaho 13, 16, 293 P.3d 637, 640 (2012) ("Sayler's attorney moved to withdraw as counsel. The district court granted the motion, and Sayler thereafter appeared pro se."). For an attorney to withdraw under Rule 11.3(b), the attorney must first obtain the court's permission by filing a motion to withdraw, setting the motion for a hearing, and providing notice to all parties. I.R.C.P. 11.3(b)(1).

Here, the document filed by Ward did not purport to be a notice of substitution of counsel. Nor was it signed by Ward's current counsel, as required under Rule 11.3(a)(1). Therefore, Ward's filing was not effective as a notice of substitution of counsel. The filing also fails as a request for leave to withdraw, because Ward's attorney was not the one who filed it and the matter was not set for a hearing. Thus, Ward failed to follow the procedure laid out in Rule 11.3 for proceeding without one's attorney.

In sum, Ward's filing was not a valid motion, properly brought before the district court. His attempt to "[invoke] his right to self-representation" was improper in both form and substance.

Finally, in *Meyers*, we expressed some concern about trial courts being exposed to ex parte information by virtue of pro se filings made by otherwise represented parties. 164 Idaho at 625, 434 P.3d at 229. While a certified copy of the filing made by Ward appears to have been

5

mailed to the prosecutor in this case, it is unclear from the record whether Ward's own appointed counsel received a copy of the filing.[1] Either way, the facts of this case illustrate the sort of hybrid representation that occurs when a court accepts and hears independent filings from a party represented by counsel. While the circumstances of a criminal case may require a court to allow this type of hybrid representation for limited purposes such as invoking the Sixth Amendment right to self-representation, we do not find it appropriate in a civil case.

In our view, proper procedure in a civil case is for these independent filings, received by the court from an otherwise represented party, be sent to that party's attorney and to opposing counsel without a ruling on the subject matter therein. Only once the represented party's attorney has properly submitted the filing to the court, in the form of a motion or another appropriate form under the Idaho Rules of Civil Procedure, does the court have a duty to hear or rule upon the matter.

Here, Ward's filings were independent communications by a represented party in a civil proceeding. As such, the communications had no force or effect. A better procedure for trial courts is to send Ward's independent filings to his attorney and a copy to the opposing party's attorney. Instead, the district court construed Ward's filings as a motion and denied them as moot, despite having no duty to rule upon the independent filings of a represented party. Entertaining filings made by a represented party himself, as opposed to by his attorney, opens the door to the troubling type of hybrid representation that occurred in this case. In all but the most limited circumstances, a party may represent himself or be represented by an attorney, but not both at the same time.

We hold that the district court should have refused to entertain Ward's independent filings in the first place; to the extent that the district court entertained the filings made by Ward as opposed to by his attorney, it was error to do so. However, having come to the conclusion that the district court erred, not by ruling incorrectly on Ward's purported motion, but by ruling on it at all, we need not reverse the district court's separate order and final judgment granting summary dismissal. Because we hold that there was no motion properly before the district court to be ruled upon in the first place, the district court's denial of the purported motion has no

---

[1] Ward's attorney explained to the district court at a hearing that he had copies of about half to two-thirds of the documents filed by Ward.

impact on the propriety of its final decision and judgment dismissing Ward's post-conviction petition on the merits.

## V. CONCLUSION

For the reasons discussed above, the district court's order construing Ward's independent filings as a motion and dismissing them as moot is vacated. But the district court's order granting the State's motion for summary dismissal and its final judgment dismissing Ward's petition for post-conviction relief are affirmed.

Justices BRODY, BEVAN, STEGNER, AND MOELLER CONCUR.