# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48423

| | | |
|---|---|---|
| JUAN ROBERTO JIMENEZ, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | Boise, February 2022 Term |
| | ) | |
| v. | ) | Opinion Filed: May 26, 2022 |
| | ) | |
| STATE OF IDAHO, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Lynn G. Norton, District Judge.

The judgment of the district court is <u>vacated,</u> and the case is <u>remanded</u> for further proceedings.

Nevin Benjamin & McKay, LLP, Boise, for Appellant. Dennis Benjamin argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Mark Olson argued.

_____

BRODY, Justice.

Juan Roberto Jimenez filed a pro se petition for post-conviction relief and requested that counsel be appointed to represent him under Idaho Code section 19-4904. The district court appointed an attorney to represent Jimenez but limited the scope of his counsel's representation to a single claim in the petition. Jimenez argues the district court erred by limiting appointed counsel's representation. We agree. Accordingly, we vacate the judgment dismissing Jimenez's petition, and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Underlying criminal conviction.

In November 2018, Jimenez was charged with felony possession of a controlled substance in violation of Idaho Code section 37-2732(c)(1) and possession of contraband in a

1

correctional facility in violation of Idaho Code section 18-2510. Pursuant to a plea agreement, he entered an Alford plea to the controlled substance charge and a judgment of conviction was entered in December 2018. The district court sentenced Jimenez to a three-year unified sentence with the first six months determinate, to run consecutively to the sentences he was already serving. The Idaho Court of Appeals affirmed the judgment of conviction on direct appeal in April 2019. *See State v. Jimenez*, 2019 WL 8129491 (Idaho Ct. App. 2019) (per curiam) (unpublished).

### B. Post-conviction proceedings.

In March 2020, Jimenez filed a pro se petition for post-conviction relief alleging ineffective assistance by his trial counsel and counsel on appeal. Among other allegations, Jimenez asserted that trial counsel failed to review the State's evidence before sentencing, trial counsel "failed in the Rule 35 filing," appellate counsel failed to investigate his representation by trial counsel, and appellate counsel failed to raise several issues on appeal. Along with his petition, Jimenez filed a motion for appointment of counsel, attesting that he was indigent and did not "know how to properly raise the actual issues and can't investigate as to what issues are actually there."

In April 2020, the district court issued a notice of intent to summarily dismiss all but one claim in Jimenez's petition—his claim that trial counsel was ineffective for failure to file a motion for a reduction of his sentence under Idaho Criminal Rule 35. Simultaneously, the district court granted Jimenez's motion for appointment of counsel, but limited the scope of appointed counsel's representation to the Rule 35 issue:

> This Court has reviewed the Petition for Post[-]Conviction Relief filed in this matter. For good cause shown, the Defendant's Motion for Appointment of Counsel is granted *as to Petitioner's allegation that trial defense counsel was ineffective for failing to file a Rule 35 motion only*. The Ada County Public Defender, or conflict counsel, is hereby appointed to represent said Petitioner in all proceedings involving the Post-Conviction Petition.

(Italics added.) Consistent with its limitation of appointed counsel's representation, the district court mailed Jimenez a copy of its notice of intent to dismiss the non-Rule 35 claims and did not serve the Ada County Public Defender with the notice.

Joseph Ellsworth, conflict counsel for the Ada County Public Defender, entered an appearance on behalf of Jimenez in May 2020. About a week after his appearance, and without any response from Jimenez to the notice of intent to partially dismiss his petition, the district

court entered a memorandum decision and corresponding judgment dismissing all claims in Jimenez's petition except for the Rule 35 claim. The State subsequently filed a motion to summarily dismiss the remaining claim. A hearing was set for September 9, 2020.

Shortly before the September 9 hearing, Ellsworth filed a motion to continue the matter. In an affidavit accompanying the motion, Ellsworth stated that he had received a letter from Jimenez on July 29, 2020, "asking why [he] ha[d] not filed a motion for reconsideration of all of his claims and conducted a complete investigation of any possible post-conviction claims," but that he had not seen the letter until the week of August 31, 2020. In the letter, Jimenez also asked that counsel be appointed to replace Ellsworth. Ellsworth wrote back to Jimenez that he would request more time "to determine what claims could possibly be brought" and for a hearing regarding the appointment of substitute counsel.

The hearing went forward as scheduled on September 9, but ultimately did not address the State's motion to dismiss the Rule 35 claim. Ellsworth told the district court that he had not spoken with Jimenez recently and, though he sent a letter to Jimenez requesting materials to support the Rule 35 claim on July 15, 2020, he had not received a response. Attending the hearing from prison via video, Jimenez told the district court that he had not received the July 15 letter. Accordingly, the district court decided to allow Jimenez additional time to confer with Ellsworth regarding the Rule 35 claim and set another hearing in late October.

However, during the hearing, the district court did address Jimenez's request to have Ellsworth investigate the non-Rule 35 claims or be appointed substitute counsel. Ellsworth told the court he was willing to assist Jimenez in pursuing other claims, but he did not argue in favor of Jimenez's request because, as he understood it, "the scope of my appointment was to address the Rule 35 motion and that issue only." The district court then addressed the issue with Jimenez directly. In a colloquy with the district court, Jimenez expressed frustration and told the court he wanted a new attorney because he did not believe Ellsworth was representing his interests:

> THE COURT: Are you requesting substitute counsel for Mr. Ellsworth, who's actually appointed on the [Rule 35 claim] in this case?
>
> JIMENEZ: Yes. . . . [T]here are several issues . . . one, when I got the summary dismissal, I didn't know what it meant; I didn't understand the language on it. And I have filed my post-conviction petition along with my requesting appointment of counsel.
>
> So those things were denied before I even got an attorney. And then when I got the summary dismissal, I didn't even know what it was. I thought my case

3

had already been dismissed, so I didn't know what was going on.

And then after the fact, I was given him as my attorney, I told him immediately to file a motion for reconsideration on the dismissal and to also investigate further, and I never got a response from him. . . .

So I just — I mean, there's claims that need to be raised. And I don't understand how I was given an attorney after they were already denied. . . . All I know is I was confused. I don't know what's going on.

I know I have an option to file the motion to reconsider. That was never done. I know that I had an opportunity or should have an opportunity to investigate the other post-conviction claims allegations. That was never done.

And, I mean, from my understanding, if my attorney doesn't want to do that, then evidently that attorney is not trying to represent me, you know, he's not trying to represent my interest.

So naturally, I want a different attorney if that's the case . . . .

. . . .

Here's the thing is I believe that as far as the post-conviction goes, I'm supposed to have a right to — you know, for reconsideration, all this other stuff. . . .

I don't know what my rights are. I don't know what options I have. And I think that if I'm forced to continue right now as things are, then my rights are going to be completely violated because I don't understand what the hell is going on — or pardon my language — I don't understand what's going on and I don't know what my options are, my legal options are.

The district court denied Jimenez's motion for substitute counsel. It reasoned that there was no actual disagreement between Ellsworth and Jimenez, given its limitation of Ellsworth's representation. As to Jimenez's desire to file a motion to reconsider the dismissed claims, the district court told Jimenez that his time to move for reconsideration had not passed "but it is your responsibility to ask for reconsideration for anything for which you do not have counsel appointed."

At the close of the hearing, the district court asked if there were any other matters to take up and Jimenez spoke on his own behalf asking for the scope of Ellsworth's appointment to be expanded:

JIMENEZ: [I]s there any chance that we can — can I put forward a motion to have Mr. Ellsworth file the reconsideration for me, since you said I still have time. And can I put forward the motion to have him investigate into other claims?

THE COURT: No, because I've already denied that because of the reasons that were stated in my order summarily dismissing those claims. This court's

4

determination was [that] the only claim in your original petition that could be fashioned into a valid claim was the Rule 35 claim. So, he's only appointed on that claim.

JIMENEZ: Okay. But I can amend it, right?

THE COURT: No, you can't always amend it. There's Rules of Civil Procedure related to amending pleadings, and when they are timely and when they are untimely. . . . So, you don't have the ability to amend unless the court actually grants leave to amend.

JIMENEZ: Okay. And how do I do that?

THE COURT: I cannot give you legal advice, Mr. Jimenez. And so, the best advice I can give you is the fact that post-conviction claims are civil matters and so they're handled under the Idaho Rules of Civil Procedure. And the Idaho Rules of Civil Procedure address all sorts of procedural issues, including intent to amend and how you are to file motions.

JIMENEZ: Okay. Just so I'm clear, that also covers the investigation into other allegations, like let's say my appellate attorney being ineffective for not raising those other issues?

THE COURT: I cannot give you any legal advice, Mr. Jimenez, and what you're asking is for legal advice.

JIMENEZ: All right.

The second hearing to address the State's motion to dismiss was held on October 29, 2020. Ellsworth's argument addressed only the Rule 35 claim. The district court dismissed the Rule 35 claim on October 30, 2020, and entered a final judgment as to all claims the same day. Jimenez did not file a pro se motion to reconsider summary dismissal of his non-Rule 35 claims, either before or after the entry of final judgment.

Jimenez timely appealed.

## II. STANDARD OF REVIEW

"A decision to grant or deny a request for counsel in post-conviction cases is reviewed for an abuse of discretion." *Shackelford v. State*, 160 Idaho 317, 325, 372 P.3d 372, 380 (2016) (citing *Murphy v. State*, 156 Idaho 389, 393, 327 P.3d 365, 369 (2014)). Review for abuse of discretion requires a four-prong inquiry: "Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

III. ANALYSIS

**A. The issue on appeal was preserved.**

The State raises a preservation argument that must be addressed before we reach the merits of Jimenez's appeal. The State argues that Jimenez's appeal must fail because he did not argue below that the district court lacked discretion to limit the scope of appointed counsel's representation. According to the State, "[w]hile Jimenez requested counsel to represent him in the post-conviction proceeding, and later requested substitute counsel, Jimenez did not . . . argue below that the district court lacked the discretion to appoint counsel for only the one potentially meritorious claim . . . ." The State's argument is without merit.

To preserve an issue for appeal, "both the issue and the party's position on the issue must be raised before the trial court . . . ." *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). Jimenez plainly met this standard. In his colloquy with the district court, Jimenez stated that he wished to have the assistance of appointed counsel on his summarily dismissed claims and that he believed his rights would be violated if he had to go forward with those claims pro se. Because the entitlement to appointed counsel in a post-conviction proceeding is governed by section 19-4904, Jimenez's argument clearly implicated the district court's discretion under that statute. While Jimenez's argument is set out in greater detail on appeal, the issue and Jimenez's position on it were clear. The issue was preserved for appeal.

**B. The district court erred in limiting the scope of appointed counsel's representation.**

Because post-conviction actions are civil in nature, there is no constitutional right to appointed counsel. *Ward v. State*, 166 Idaho 330, 333, 458 P.3d 199, 202 (2020). However, the legislature has provided for the appointment of counsel for indigent petitioners by statute:

> If the applicant [for post-conviction relief] is unable to pay court costs and expenses of representation, . . . these costs and expenses, and a court-appointed attorney may be made available to the applicant in the preparation of the application, in the trial court, and on appeal, and paid, on order of the district court, by the county in which the application is filed.

I.C. § 19-4904. "The standard for determining whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim." *Murphy v. State*, 156 Idaho 389, 393, 327 P.3d 365, 369 (2014). (quoting *Workman v. State,* 144 Idaho 518, 529, 164 P.3d 798, 809 (2007)).

Jimenez argues that if any claim in a petition for post-conviction relief warrants the

appointment of counsel, then appointed counsel must be allowed to represent a petitioner in the post-conviction case without limitation. We agree. Section 19-4904 does not authorize the sort of piecemeal representation mandated by the district court below and such a limitation is inconsistent with the precedents of this Court.

First, limiting the scope of appointed counsel's representation is at odds with the standard we have articulated for determining when the appointment of counsel is appropriate under section 19-4904. As noted above, the applicable standard "in a post-conviction *proceeding* is whether the petition alleges facts showing the possibility of *a* valid claim." *Murphy*, 156 Idaho at 393, 327 P.3d at 369 (emphasis added). By its terms, this standard contemplates that the pleading of a single potentially valid claim entitles a petitioner to representation in the post-conviction proceeding as a whole.

The State contends the district court did not err, quoting our statement in *Swader v. State,* 143 Idaho 651, 152 P.3d 12 (2007), that a "petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims." *See id.* at 654, 152 P.3d at 15. However, the question is not whether Jimenez should have had counsel appointed to search the record for possible claims. The question is whether it was proper for the district court—having already found the appointment of counsel to be warranted—to then prohibit appointed counsel from pursuing additional claims. It was not.

Not only was the district court's limitation of Ellsworth's appointment inconsistent with the applicable standard, but it was also inconsistent with the admonition that when applying the standard our trial courts must take into account the typical shortcomings of pro se pleadings. "[P]etitions and affidavits filed by a *pro se* petitioner will often be conclusory and incomplete. Although facts sufficient to state a claim may not be alleged because they do not exist, they also may not be alleged because the *pro se* petitioner simply does not know what are the essential elements of a claim." *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004) (quoting *Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001)). Likewise, incarcerated petitioners may not have a meaningful ability to investigate facts to support their claims. *Swader*, 143 Idaho at 654–55, 152 P.3d at 15–16. Given these realities, we have instructed the trial courts to "keep in mind the . . . typical problems with *pro se* pleadings" when deciding whether to appoint counsel. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

Although the district court concluded that Jimenez's non-Rule 35 claims warranted

dismissal before Ellsworth was appointed, there was no justification for disallowing Ellsworth the opportunity to inquire into the validity of those claims after his appointment. The district court's decision to summarily dismiss Jimenez's non-Rule 35 claims was based on Jimenez's pro se petition and, in Jimenez's own words, he did not "know how to properly raise the actual issues and can't investigate as to what issues are actually there." If Ellsworth had been free to consult with Jimenez and review the record as to all potential claims, he would have been in an excellent position to assess whether the dismissed claims were truly without merit or were poorly pleaded. And if Ellsworth were to conclude that dismissed claims had merit (or perhaps that Jimenez failed to assert other potentially valid claims), he should have been free to attempt to rehabilitate the initial petition. However, the district court's limitation of Ellsworth's representation created a risk that potentially valid claims would be lost for no reason other than Jimenez's lack of legal acumen. This contravenes our admonition in *Charboneau.*

Finally, the district court's order limiting Ellsworth's appointment was contrary to our decision in *Ward v. State*, 166 Idaho 330, 458 P.3d 199 (2020). *Ward* involved a post-conviction petitioner who filed numerous pro se documents with the district court while simultaneously being represented by appointed counsel. 166 Idaho at 331–32, 458 P.3d at 200–01. These included documents seeking to dismiss his attorney and represent himself. *Id.* Ward sent copies of some of these documents to opposing counsel, but many were never received by Ward's own counsel. *Id.* at 333–34, 458 P.3d at 202–03. Ultimately, the district court dismissed Ward's petition. *Id.* at 332, 458 P.3d at 201. At the same time, the district court construed Ward's request to represent himself as a motion to proceed pro se and entered an order denying it as moot. *Id*. Ward then appealed, arguing he had erroneously been denied the opportunity to represent himself. *Id.*

While this Court concluded that Ward's request to represent himself was deficient in both form and substance, we further held that the district court erred by considering Ward's request at all, even to rule that it was moot. *Id.* at 333–34, 458 P.3d at 202–03. We recognized that, in certain limited instances, the Sixth Amendment requires that criminal defendants be permitted to represent themselves while simultaneously being represented by counsel. *Id.* However, we held (1) that "hybrid representation" of this sort is "inappropriate in a civil case," and (2) when a court receives filings directly from a represented litigant, those should be forwarded to counsel for both sides without being considered by the court. *Id.* Here, the district court's order required

Jimenez to proceed pro se on his summarily dismissed claims while simultaneously being represented on his Rule 35 claim—precisely the sort of hybrid representation we held was inappropriate in *Ward*.

The State contends that the district court did not run afoul of *Ward* because it never ruled on a pro se filing. This argument is unavailing. The holding in *Ward* addressing how courts should handle independent filings is ancillary to the primary holding that hybrid representation is inappropriate in a civil case. We set out the procedure for handling pro se filings by represented parties because, under the facts of *Ward*, one problem created by the hybrid representation was that Ward's counsel was not aware of his client's communications with the court and opposing counsel. We did not suggest this is the only problem with hybrid representation, and clearly it is not. For one, allowing a single litigant to be represented by two independent voices multiplies the practical complexities of a proceeding. More troubling, it sets the stage for strategic and ethical hazards if a litigant's pro se efforts threaten to undermine appointed counsel's efforts or vice versa. Further, limiting the scope of representation may insert discord into the attorney-client relationship regarding the claim for which there is appointed counsel, at least where a petitioner wishes to be fully represented but is not. Based on Jimenez's desire for substitute counsel, that seems to have been the case here.

In sum, the district court's limitation of Ellsworth's representation of Jimenez was contrary to the applicable standard for the appointment of counsel in post-conviction cases, was contrary to our admonition that trial courts remain mindful of the difficulties faced by pro se petitioners, and contrary to our decision in *Ward*. Thus, we hold that the district court erred in limiting the scope of Ellsworth's appointment.

## IV. CONCLUSION

For the reasons above, we (1) vacate the June 5, 2020, memorandum decision dismissing Jimenez's non-Rule 35 claims; (2) vacate the judgment entered the same day; (3) vacate the final judgment entered October 30, 2020; and (4) remand for further proceedings consistent with this opinion.

Chief Justice BEVAN, and Justices STEGNER, MOELLER, and ZAHN CONCUR.