**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49369/50442**

| | |
|---|---|
| **JASON KELLEY SMITH,** | ) |
| | ) **Filed: May 8, 2024** |
| **Petitioner-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| **STATE OF IDAHO,** | ) |
| | ) |
| **Respondent.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment denying motion for extension of time, <u>affirmed</u>; order denying Idaho Rule of Civil Procedure 60(b)(6) motion, <u>affirmed</u>; order denying I.R.C.P. 59(e) motion to amend or alter judgment, <u>affirmed</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

In these consolidated cases, Jason Kelley Smith appeals from the district court's denial of his pro se motion for extension of time and removal of counsel (Docket No. 49369). Smith also appeals from the district court's order denying his pro se Idaho Rule of Civil Procedure 60(b)(6) motion and motion to alter or amend judgment under I.R.C.P. 59(e) (Docket No. 50442). We affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Smith was convicted by a jury of lewd conduct with a minor under sixteen, Idaho Code § 18-1508; Smith also entered a guilty plea to being a repeat sex offender, having two prior felony convictions for sexual battery against a sixteen or seventeen year old, I.C. § 19-2520G. The district court imposed a life sentence with a minimum period of confinement of twenty years.

1

Smith appealed, challenging his sentence as excessive and this Court affirmed. *See State v. Smith*, Docket No. 47425 (Ct. App. Oct. 14, 2020) (unpublished).

Smith filed a petition for post-conviction relief, challenging his conviction. In the petition, Smith alleged ineffective assistance of trial and appellate counsel. As to the ineffective assistance of trial counsel claims, Smith asserted counsel's failure to adequately investigate the case, to call a witness, and to call a DNA expert. Smith also filed a motion for appointment of counsel. The district court granted the motion and appointed counsel.

The district court provided notice of intent to dismiss the petition because Smith had failed to present a prima facie claim that his counsel was ineffective. The district court subsequently entered an order dismissing the case pursuant to I.C. § 19-4906(b). Smith's appointed counsel filed a notice of appeal. Smith then filed a pro se motion for extension of time in which he also discussed removal of counsel. The district court ruled it "cannot consider" the pro se motion because Smith was represented by appointed counsel. Smith, again pro se, filed an amended petition. The district court struck the amended petition under I.R.C.P. 12(f)(1).

While that dismissal was on appeal, Smith moved, pro se, for relief from the judgment under I.R.C.P. 60(b)(6), claiming that his post-conviction counsel was ineffective and had abandoned him. Smith alleged that his appointed post-conviction counsel failed to notify him of the district court's notice of intent to dismiss until after the time to respond to the notice had expired. He further asserted that appointed counsel failed to provide assistance in developing or evaluating the deficiencies in his pro se application. The district court denied the motion on two grounds: first, Smith was still represented by counsel; and second, it was not properly filed under I.R.C.P. 7.

Twelve days later, Smith filed a pro se motion to alter or amend under I.R.C.P. 59(e). He contended that appointed counsel's failure to withdraw was a component of counsel's abandonment and should be incorporated into the Rule 60(b) motion, and that post-conviction counsel should be deemed withdrawn from the case because Smith sought, and obtained, appointment of appellate counsel. The district court denied the motion on the basis that Smith was represented by counsel and that the motion was untimely.[1] Smith appeals.

---

[1]    Idaho Rule of Civil Procedure 59(e) states: "A motion to alter or amend the judgment must be filed and served no later than 14 days after entry of judgment." Here, judgment in the case was

## II.

## STANDARD OF REVIEW

This Court exercises free review over questions regarding the interpretation of the Idaho Rules of Civil Procedure. *Ward v. State*, 166 Idaho 330, 332, 458 P.3d 199, 201 (2020). Where discretionary grounds are invoked, in a Rule 60(b) motion, including Rule 60(b)(6), the standard of review is abuse of discretion. *Berg v. Kendall*, 147 Idaho 571, 576, 212 P.3d 1001, 1006 (2009). Under the abuse of discretion standard, the Court determines whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason. *Christmann v. State Farm Mut. Auto. Ins. Co.*, 172 Idaho 714, 721, 535 P.3d 1087, 1094 (2023).

## III.

## ANALYSIS

Smith argues that the district court erred in denying his pro se motion for extension and removal of counsel. Further, Smith argues the district court erred in denying his pro se I.R.C.P. 60(b) motion for relief from judgment and his I.R.C.P. 59(e) motion to amend. Specifically, Smith contends that his post-conviction counsel abandoned him and, therefore, he should be entitled to file pro se motions on his own behalf.

On appeal, Smith argues that the district court erred in denying his motions on the basis that he was represented by counsel and that his motions were untimely. Substantively, Smith contends that his I.R.C.P. 60(b)(6) motion should have been granted on the basis that he had a complete lack of any representation in his post-conviction case. Smith relies on *Eby v. State*, 148 Idaho 731, 228 P.3d 998 (2010) and *Andrus v. State*, 164 Idaho 565, 433 P.3d 665 (Ct. App. 2019). In *Eby*, the Idaho Supreme Court held that the "complete absence of meaningful representation" in a post-conviction action "may present the 'unique and compelling circumstances' in which I.R.C.P. 60(b)(6) relief may well be warranted." *Eby*, 148 Idaho at 737, 228 P.3d at 1004. In *Andrus*, this Court held that an I.R.C.P. 60(b)(6) motion may be appropriate when the record reveals a complete absence of participation by post-conviction counsel. *Andrus*, 164 Idaho at 566-567, 433 P.3d

---

filed on November 23, 2021, and Smith filed his motion on November 18, 2022. More specifically, the motion was filed to amend the order denying the I.R.C.P. 60(b)(6) motion, not the judgment. Therefore, the district court did not err by denying Smith's motion to alter or amend because the motion was untimely.

at 666-667. However, *Ward* requires that before such a motion may be entertained, the petitioner must first comply with the rules regarding dismissal of counsel and, as in this case, proceed pro se.

In *Ward*, the Idaho Supreme Court addressed the mechanism by which pro se motions filed by represented petitioners in post-conviction proceedings should be handled. Ward filed a pro se petition for post-conviction relief and then counsel was appointed. *Ward*, 166 Idaho at 331, 458 P.3d at 200. During the pendency of the proceedings and despite having appointed counsel, Ward filed numerous pro se documents. *Id*. While the district court was considering the State's motion for summary dismissal, Ward filed a pro se motion purporting to be a motion invoking his right to self-representation. *Id*. at 332, 458 P.3d at 201. The district court granted the State's motion for summary dismissal and dismissed Ward's petition for post-conviction relief with prejudice; the court simultaneously denied Ward's request to represent himself as moot. *Id*. Ward filed additional pro se motions and a notice of appeal. *Id*. Appellate counsel was appointed. *Id*.

On appeal, Ward argued the district court erred in denying his request to proceed pro se. *Id*. The Idaho Supreme Court first addressed whether Ward's pro se filing to represent himself was properly filed in the district court. *Id*. The Court concluded that Ward's filing, even when construed as a motion, was not properly filed under I.R.C.P. 7(b)(3)(E) and thus, was subject to dismissal without further notice. *Ward*, 166 Idaho at 332, 458 P.3d at 201. The motion was not properly filed because it did not request oral argument or include a supporting memorandum or brief. *Id*. As a result, the Supreme Court held that pursuant to I.R.C.P. 7, the district court had no duty to entertain any motion until it was properly supported or set for a hearing. *Ward*, 166 Idaho at 332, 458 P.3d at 201.

The Court then addressed whether Ward properly followed the method for proceeding without his attorney. *Id*. The Court reiterated that post-conviction proceedings are civil in nature, and as such, do not trigger any Sixth Amendment right to self-representation. *Id*. at 333, 458 P.3d at 202. Instead, the Court noted that "a party to a civil action who wishes to proceed without an attorney must comply with the Idaho Rules of Civil Procedure." *Id*. Consequently, the Court turned to I.R.C.P. 11.3, which provides the procedure for substitution or withdrawal of an attorney in civil proceedings. *Ward*, 166 Idaho at 333, 458 P.3d at 202.

Pursuant to I.R.C.P. 11.3, there are two ways in which a represented party may proceed without an attorney. First, the party desiring to proceed without counsel may file a notice of substitution of counsel indicating he will be representing himself, but the attorney being replaced

4

must sign the notice. I.R.C.P. 11.3(a)(1). Second, an attorney may withdraw pursuant to I.R.C.P. 11.3(b) by filing a motion to withdraw, setting the motion for a hearing, and providing notice to all parties. I.R.C.P. 11.3(b)(1). If the attorney is granted leave to withdraw pursuant to I.R.C.P. 11.3(b), the party may proceed without counsel.

The Court concluded that Ward's motion failed to meet the requirements of I.R.C.P. 11.3(a)(1) because it did not purport to be a notice of substitution of counsel and was not signed by Ward's assigned counsel. *Ward*, 166 Idaho at 333, 458 P.3d at 202. Ward's filing similarly failed as a motion for request to withdraw pursuant to I.R.C.P. 11.3(b)(1) because Ward's appointed counsel did not file the motion, nor was the motion set for a hearing. *Ward*, 166 Idaho at 333, 458 P.3d at 202. The Court ultimately concluded that Ward's filing was not a valid motion, properly brought before the district court, and the filing was improper in both form and substance. *Id*.

Here, Smith did not take the appropriate procedural steps; therefore, the district court had no duty to entertain his motions. "Actions for post-conviction relief are governed by the Idaho Rules of Civil Procedure because they are civil in nature." *Ward*, 166 Idaho at 332, 458 P.3d at 201. As noted, those rules provide: "If the moving party does not request oral argument or does not timely file a supporting memorandum or brief, the court may deny the motion without further notice if it determines the motion does not have merit." I.R.C.P. 7(b)(3)(E). Smith did not comply with the rules regarding withdrawal of counsel and proceeding pro se. Therefore, the district court had no duty to entertain any pro se motion. *Ward*, 166 Idaho at 332, 458 P.3d at 201. Although there was no duty to entertain the motions, the district court properly denied the motions as opposed to simply leaving the motions in the record without documentation of action thereon. We affirm the district court's denial of Smith's motions.

5

## IV.
### CONCLUSION

The district court did not err in denying Smith's pro se motions when he was represented by counsel. The district court's denial of Smith's pro se motions is affirmed. Therefore, the district court's judgment dismissing Smith's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.