**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52365**

| | |
|---|---|
| KENNETH EDWARD ELCOCK, | ) |
| | ) **Filed: June 15, 2026** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick O'Neill, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Kenneth Edward Elcock, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Kenneth Edward Elcock appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the early morning hours of April 15, 2006, Elcock and two companions arrived at an apartment building where a man with whom they had a dispute was throwing a party. Upon arrival, Elcock approached the man, pointed a gun at his face, and pulled the trigger. The gun did not fire and the man ran for cover in his apartment. After cocking the gun, Elcock fired several shots through the plate glass window of the man's apartment, injuring three individuals and killing a fourteen-year-old girl.

Elcock was charged with one count of first degree murder, three counts of aggravated battery, one count of unlawful discharge of a firearm at a dwelling house, one count of aggravated

1

assault, and a sentencing enhancement based on the use of a firearm in the commission of a crime. Pursuant to a plea agreement, Elcock pled guilty to one count of second degree murder, Idaho Code §§ 18-4001, 18-4002, 18-4003(g); three counts of aggravated battery, I.C. §§ 18-903(c), 18-907; and one count of aggravated assault, I.C. §§ 18-901(a), 18-905. The remaining charges were dismissed. The district court sentenced Elcock to life imprisonment, with a minimum period of confinement of forty years, for second degree murder; concurrent determinate fifteen-year terms for the three counts of aggravated battery; and a concurrent determinate term of five years for aggravated assault.

In 2007, Elcock filed a pro se motion for reduction of his sentences under Idaho Criminal Rule 35, which the district court denied. Elcock then filed a successive I.C.R. 35 motion through counsel. The district court also denied this motion. Elcock appealed and this Court affirmed the district court's denial of the reduction of his sentences.[1]

In 2010, Elcock filed a motion to withdraw his guilty pleas under I.C.R. 33, which the district court denied. Elcock appealed and this Court affirmed the district court's denial of his motion.[2] Elcock later filed additional I.C.R. 35 motions in 2013 and 2021, both of which the district court denied. Elcock appealed the denial of his motion filed in 2021, and this Court affirmed the district court's denial of his motion.[3]

Elcock filed his initial petition for post-conviction relief in 2007, alleging ineffective assistance of trial counsel, invalid guilty pleas, the lack of factual and legal bases for his convictions, and claims of bias and discrimination. The district court entered a judgment summarily dismissing Elcock's petition. Elcock appealed and this Court affirmed the district court's judgment.[4]

In 2011, Elcock filed a successive petition for post-conviction relief, alleging ineffective assistance of trial and appellate counsel, due process violations, and actual innocence. Elcock later

---

[1]     *See State v. Elcock*, Docket No. 33861 (Ct. App. Feb. 28, 2008) (unpublished).

[2]     *See State v. Elcock*, Docket No. 38177 (Ct. App. Apr. 1, 2011) (unpublished).

[3]     *See State v. Elcock*, Docket No. 49491 (Ct. App. Nov. 17, 2022) (unpublished).

[4]     *See Elcock v. State*, Docket No. 37932 (Ct. App. Oct. 7, 2011) (unpublished).

amended the petition to include an eyewitness affidavit. The district court entered a judgment dismissing Elcock's petition. Elcock appealed and this Court affirmed the district court's judgment.[5]

In 2022, Elcock filed a second successive petition for post-conviction relief, alleging error in the denial of appointment of counsel and reasserting claims of actual innocence, due process violations, civil rights violations, withheld discovery, ineffective assistance of trial counsel, and purported newly discovered evidence requiring additional scientific testing. The district court entered a judgment dismissing Elcock's petition. Elcock appealed and this Court affirmed the district court's judgment.[6]

In 2024 (instant case), Elcock filed a third successive petition for post-conviction relief, asserting newly discovered evidence based on requested fingerprint or DNA testing pursuant to I.C. § 19-4902(b). Elcock requested "the retesting of DNA and fingerprint evidence" on the firearm and shell casing used in the offenses he pled guilty to--items Elcock now claims did not belong to him. Elcock also filed a motion for the appointment of counsel. The State filed a motion for summary dismissal, arguing that Elcock failed to present a statutorily required prima facie case that identity was at issue.

The district court denied Elcock's motion for appointment of counsel. The district court also filed a notice of intent to dismiss Elcock's petition. Elcock filed a response to the notice of intent to dismiss and a second motion for appointment of counsel. The district court subsequently entered an order dismissing Elcock's petition pursuant to I.C. § 19-4906(b), ruling that he "failed to present a prima facie case that identity was at issue in his underlying criminal case wherein he pled guilty to the crimes as charged." In its order, the district court also denied Elcock's second motion for appointment of counsel "for the same reasons as stated" in its prior order. Thereafter, the district court entered a judgment dismissing Elcock's petition for post-conviction relief. Subsequently, Elcock filed another motion for appointment of counsel, which the district court also denied. Elcock timely appeals.

---

[5]     *See Elcock v. State*, Docket No. 41195 (Ct. App. Jul. 9, 2014) (unpublished).

[6]     *See Elcock v. State*, Docket No. 50350 (Ct. App. Nov. 9, 2023) (unpublished).

3

## II.

## STANDARD OF REVIEW

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

## III.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition.

4

I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Elcock argues that the district court erred by summarily dismissing his third successive pro se petition for post-conviction relief and by denying his motions for appointment of counsel. On appeal, Elcock appears to assert that the district court erred in several aspects. First, Elcock asserts that the district court erred by refusing to allow retesting of DNA fingerprint evidence where he alleged the existence of disputed issues of material fact and the availability of forensic testing not utilized at trial.[7] Second, Elcock contends the district court violated his right to due process by allowing the State to withhold allegedly exculpatory evidence in violation of *Brady*.[8] Third, Elcock asserts that the district court erred by failing to address his claim of ineffective assistance of counsel based on trial counsel's failure to seek retesting of allegedly exculpatory forensic evidence under *Strickland*.[9] Fourth, Elcock claims that the district court improperly summarily dismissed his post-conviction petition under I.C. § 19-4902, despite his allegation of genuine issues of material fact concerning DNA and fingerprint evidence. Finally, Elcock contends the district court improperly denied his Sixth Amendment right to the effective assistance of counsel, entitling him to further proceedings, including retesting of forensic evidence or a new trial. The State responds that Elcock only preserved two issues for appeal: (1) retesting of DNA evidence and (2) denying his request for appointment of counsel. We agree that all but two of Elcock's claims are preserved for appeal.

Below, Elcock limited his petition for post-conviction relief to requesting fingerprint and DNA retesting of the firearm and shell casing involved in the shooting pursuant to I.C. §§ 19-4902(b) and (c). Elcock now attempts to introduce an alleged *Brady* violation for withholding exculpatory evidence, a due process claim, and a claim of ineffective assistance of trial counsel. Generally, issues not raised below may not be considered for the first time on appeal.

---

[7] Throughout his brief, Elcock requests a new trial. Elcock pled guilty to the underlying charges; therefore, there was no first trial in his case.

[8] *Brady v. Maryland*, 373 U.S. 83 (1963).

[9] *Strickland v. Washington*, 466 U.S. 668 (1984).

5

*State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Therefore, the only issues this Court will address on appeal are those related to the retesting of DNA and fingerprint evidence on the firearm and shell casing and the denial of Elcock's motions for appointment of counsel. We decline to consider Elcock's other arguments because they were not preserved on appeal.

With respect to a post-conviction petition based on the request for DNA testing, a petitioner seeking such testing must present a prima facie case that "*identity* was an issue in the trial." I.C. § 19-4902(c)(1) (emphasis added). As an initial matter we note that a review of Elcock's brief on appeal reveals that he failed to present any cogent argument or authority in support of this assertion. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Because Elcock has failed to present cogent argument or any authority in support of his argument that DNA testing is required because identity was at issue at trial (even though he pled guilty and no trial was held), this Court will not consider this issue on appeal.

However, even if Elcock presented a cogent argument or valid authority to support his argument, he still fails to present a prima facie case that identity was at issue during the pendency of the case. Elcock has repeatedly maintained that he committed the crimes to which he pled guilty. At Elcock's change of plea hearing, he admitted to shooting into the apartment building multiple times, stating that he "shot through a window at people having a party." Moreover, he admitted that he knew that there was a crowd of people in the apartment and that, if he shot at them, he might hit someone. Sworn statements made in open court "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Additionally, in Elcock's initial petition for post-conviction relief, he acknowledged that he fired into the crowded apartment but asserted that he should only be guilty of voluntary manslaughter because he lacked the element of malice. Just months before filing his first successive petition for post-conviction relief, Elcock again admitted that he had "turned and fired shots" at the apartment building after being handed a gun. Based on the record, Elcock's identity was never in question. In fact, he admitted to committing the offenses with which he was charged. Accordingly, Elcock has failed to make a prima facie showing that he is entitled to new scientific testing because he has not demonstrated that identity was at issue.

6

As to Elcock's contention that the district court erred by not appointing post-conviction counsel, there is no constitutional right to appoint counsel in a post-conviction proceeding. *See Ward v. State*, 166 Idaho 330, 333, 458 P.3d 199, 202 (2020). The decision to grant or deny a request for court-appointed counsel is within the district court's discretion and is predicated on the petitioner's allegations of a valid claim. *Charboneau v. State*, 140 Idaho 789, 792-93, 102 P.3d 1108, 1111-12 (2004).[10] As indicated above, because Elcock failed to establish identity was an issue, he failed to establish a basis entitling him to new scientific testing. Because Elcock's claim of newly discovered evidence was the only claim alleged, he failed to allege the possibility of a valid claim. In addition, Elcock failed to present relevant authority to support his argument that he received ineffective assistance of counsel. As a result, the district court did not err by denying Elcock's motions for appointment of counsel.

## IV.

## CONCLUSION

Elcock has failed to show the district court erred by denying his motions for appointment of counsel and by summarily dismissing his third successive petition for post-conviction relief. Thus, the judgment dismissing Elcock's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.

---

[10] In the most recent opinion addressing this issue, this Court determined that, pursuant to I.C. § 19-4907, there is no constitutional basis for mandatory appointment of counsel in post-conviction proceedings regardless of whether the petitioner has alleged the possibility of a valid claim. *See Tucker v. State*, 2026 WL 859978 at *4 (Ct. App. March 30, 2026) (petition for review filed April 20, 2026).